Haven *v.* Foley & Papin.

---

HAVEN, Respondent, *vs.* FOLEY & PAPIN, Appellants.

A creditor is entitled to the benefit of all securities given by the principal debtor for the indemnity of his surety.

A. executed a deed of trust on personal property, to indemnify B. as indorser of a note made by A. to C. Afterwards, D. executed his note to C. for A.'s debt, under an agreement between himself and B. and C. that A.'s note with B.'s indorsement should be delivered to him, and the deed of trust assigned to him. Under this agreement, the deed of trust was by B. and the trustee assigned to D. and the note was by C. handed to B. to be delivered to D., but B. refused to deliver it. *Held*, D.'s note was not an extinguishment of A.'s indebtedness, and D. is entitled to the benefit of the deed of trust given for B.'s indemnity.

*Appeal from St. Louis Court of Common Pleas.*

*T. Polk* and *T. B. Hudson*, for appellants. 1. The giving, of the notes by Foley & Papin was not a satisfaction of the notes mentioned in the deed of trust. 8 Mass. Rep. 465. The transaction amounted to a purchase of the notes by Foley & Papin, and an assignment to them. The delivery of the notes to Shepard to be delivered to the appellants, amounted to an assignment of them. 13 Mass. Rep. 304. The assignment of the deed of trust was an assignment of the debt. 3 Met. Rep. 515. 2 Pa. Rep. 379.

*N. Holmes* and *M. L. Gray*, for respondent. The notes given by Foley & Papin were a satisfaction of the notes secured by the deed of trust, and the deed of trust was thereby extinguished. *Abbott* v. *Upton*, 19 Pick. 434. 2 Greenleaf's Cruise, 187-8, and note. 4 Kent's Com. 193-4, and notes. *Thayer* v. *Campbell*, 9 Mo. Rep. 280. *White* v. *Todd*, 10 Mo. Rep. 189. The deed of trust given to E. H. Shepard was merely to indemnify him against his liability to pay the notes of James Shepard. The defendants could acquire no title to the notes held by Emerson, as payee, but by indorsement from him, and this was not agreed to be done.

GAMBLE, Judge, delivered the opinion of the court.

Haven claimed the personal property for which this action was brought, under a mortgage made by one James Shepard, dated August 1, 1850. The defendants, Foley & Papin, who were in possession of the property, claimed to hold possession under a deed of trust, which had been given by James Shepard on the 22d of July, 1850, to secure one Elihu H. Shepard, as his indorser, on two promissory notes, executed by James Shepard in favor of one Emerson. The answer states the defence, in substance, as follows : That James Shepard made the notes to Emerson ; that they were indorsed by Elihu H. Shepard ; that James Shepard, by the deed of trust, conveyed

the property to a trustee, the trust declared in the deed being, "that if the said James Shepard shall well and truly pay the above described notes, when they become due and payable, and save harmless the said Elihu H. Shepard from his indorsement aforesaid, then this deed shall be void and the property released; but if the said James Shepard shall fail to pay either or both of said notes, then this deed shall remain in force and the trustee may proceed to sell," &c. The proceeds of a sale, if a sale should be made, were to be applied to the payment of the expenses, and next, to the payment of the notes or so much thereof as should remain unpaid. The answer further states, that afterwards, on the 15th of August, an agreement was made between Emerson, the holder of the notes, and Elihu H. Shepard, the indorser, and the defendants, Foley & Papin, that the defendants should execute their notes for the same amounts as those made by Jas. Shepard, and payable at the same times, which should be indorsed by Sullivan & Co., and be delivered over to Emerson, and that Emerson should deliver to the defendants the notes of Jas. Shepard, indorsed by Elihu H. Shepard, and that the deed of trust should be assigned and delivered to the defendants. The answer alleges, that the defendants made their notes, had them indorsed and delivered to Emerson, as agreed; that Emerson delivered the notes of James Shepard to Elihu H. Shepard, to be delivered to the defendants, which he promised to do; that the deed of trust and the property therein mentioned, were assigned and delivered to the defendants by the trustee and by Elihu H. Shepard, but that Elihu refused to deliver the notes to the defendants; that James Shepard, before this assignment was made, had become insolvent and had absconded and has never paid the notes which he gave to Emerson. Under this state of facts, the defendants claimed to hold the possession of the property against the mortgage of the plaintiffs, which was subsequent in date to the deed of trust.

The court struck out of the defendant's answer the defence thus set up, and the only question is, whether the facts stated could be available as a defence.

1. The debt that James Shepard owed to Emerson, and which was secured by the indorsement of Elihu H. Shepard, has not been paid or extinguished. Emerson, as the creditor of James Shepard, was entitled, in equity, to the benefit of all securities which James Shepard had given for the indemnity of E. H. Shepard, his indorser. *Wright* v. *Morley*, 11 Ver. 22. *Mause* v. *Harrison*, 1 Eq. Cas. Ab. 93. *Curtis* v. *Tyler*, 9 Paige, 432. 1 Story Eq. §§502, 638. *Vail* v. *Foster*, 4 Comstock, 312.

2. The securities thus given are regarded in equity as further security for the payment of the debt. That debt is now due to the defendants. The transfer to them of the notes of Shepard, by Emerson, and of the property which had been conveyed in trust, and of the rights under the deed of trust, was all one transaction, and is to have such effect as the intention of the parties requires and the rules of law admit. Emerson, as the creditor, was entitled to the benefit of the security or indemnity held by Elihu H. Shepard; and all the parties agree, that the defendant shall become the creditor instead of Emerson, and the counter security held by Elihu H. Shepard shall be turned over to the defendants as the creditor. This agreement is actually carried out, except that the notes of James Shepard, coming into the hands of Elihu, for the purpose of being delivered to the defendants, are not so delivered, but the security held by Elihu is turned over to the defendants. In such case, the defendants are entitled to have the property applied to the payment of the debt which they hold against James Shepard, and as they hold the title thereto which was in the trustee and the *cestui que trust*, they are not to be divested of the possession by the plaintiff under his junior mortgage. Upon the supposition that the facts stated in this part of the answer are true, the defendants were entitled to make the defence and the court should not have stricken it out.

The judgment is, with the concurrence of the other judges, reversed, and the cause remanded.