South Omaha Nat. Bank v. Wright.

SOUTH OMAHA NATIONAL BANK, APPELLANT, v.
WRIGHT & BALDWIN ET AL., APPELLEES.

FILED MAY 1, 1895.   No. 6312.

1. **Principal and Surety:** INDEMNITY FOR SURETY.   Where a surety for the payment of a debt receives a security for his indemnity and to discharge such indebtedness, the principal creditor is in equity entitled to the full benefit of that security. *Richards v. Yoder*, 10 Neb, 429, followed.

2. **Subrogation.**  The doctrine of subrogation is not administered by courts of equity as a legal right, but the principle is applied to subserve the ends of justice and to do equity in the particular case under consideration. It does not rest on contract, and no general rule can be laid down which will afford a test in all cases for its application. Whether the doctrine is applicable in any particular case depends upon the peculiar facts and circumstances of such case.

3. **Chattel Mortgages:** INDEMNITY: SUBROGATION.  A surety on a note, to indemnify her against loss by reason of her suretyship, and also to secure the payment of a debt due to her from her principal, took from him a mortgage. The principal afterwards gave to the payee of the note signed by the surety a mortgage to secure its payment. This mortgage pledged the same property pledged to the surety and by the terms was made subject thereto. In a suit to foreclose the mortgage given to secure the note signed by the surety the latter answered and claimed a first lien on the mortgaged property to satisfy the debt owing her by her principal, and which was then due. *Held*, That the holder of the note signed by the surety should be subrogated to her lien on the mortgaged property

APPEAL from the district court of Douglas county. Heard below before WALTON, J.

The facts are stated by the commissioner.

*Charles Offutt*, for appellant:

A creditor is in equity entitled to the benefit of any security for the payment of a debt given by the principal

debtor to the surety, although the creditor did not originally rely upon the credit of such security or even know of its existence; and a creditor has an equitable right to be substituted to the benefit of any such security for a debt which the principal debtor has given to his surety. (Sheldon, Subrogation, sec. 154; *Richards v. Yoder*, 10 Neb., 431; *Curtis v. Tyler*, 9 Paige Ch. [N. Y.], 432; *Kinsey v. McDearmon*, 5 Cald. [Tenn.], 395; *Saffold v. Wade*, 51 Ala., 218.)

The bank's note on which Flora M. Wright is surety must be paid out of the proceeds of the mortgaged property before she can take anything under her other mortgage for one thousand dollars. (1 Pomeroy, Equity Jurisprudence, secs. 243, 275; *Fitzhugh v. Custer*, 4 Tex., 391; *Carr v. Clough*, 59 Am. Dec. [N. H.], 345; *Schley v. Dixon*, 71 Am. Dec. [Ga.], 121; *Polk v. Rose*, 89 Am. Dec. [Md.], 773; *Ten Eyck v. Holmes*, 3 Sandf. Ch. [N. Y.], 428; *Griffin v. Chase*, 36 Neb., 328; *Siebert v. True*, 8 Kan., 53.)

*Slabaugh & Rush*, contra, on the question of subrogation, cited: *Ohio Life Ins. & Trust Co. v. Reeder*, 18 O., 35; *Van Orden v. Durham*, 35 Cal., 145; *Newsom v. McLendon*, 6 Ga., 400; *Belcher v. Hartford Bank*, 15 Conn., 382; *Osborne v. Noble*, 46 Miss., 454; *Eastman v. Foster*, 8 Met. [Mass.], 19; *Jackson v. May*, 28 Ill. App., 305; *Robertson v. Baker*, 11 Fla., 232; *Cooper v. Jenkins*, 32 Beav. [Eng.], 337; *Cornwell's Appeal*, 7 W. & S. [Pa.], 308; *Keyes v. Brush*, 2 Paige Ch. [N. Y.], 311; *Pool v. Doster*, 59 Miss., 258.

RAGAN, C.

On the 7th of January, 1891, S. G. Wright and A. J. Baldwin executed and delivered their promissory note to the South Omaha National Bank for the sum of $3,000, due in ninety days. This note Flora M. Wright signed as surety. October 3, 1891, Wright & Baldwin executed and

delivered another note to the said bank for $2,500, due thirty days after date. On the 10th day of January, 1891, Wright & Baldwin executed and delivered their note for $1,000 to Flora M. Wright, due in ninety days. This note was given for money borrowed by Wright & Baldwin of Flora M. Wright. On the 9th of November, 1891, Wright & Baldwin executed and delivered to Flora M. Wright two chattel mortgages, and thereby conveyed to her certain personal property. One of these mortgages was given to secure the payment of the note of $1,000 given to her on January 10, 1891, by Wright & Baldwin. The other mortgage was given her to indemnify and keep her harmless from any loss which she might sustain by reason of having signed as surety the note of Wright & Baldwin for $3,000 dated January 7, 1891. These two mortgages were filed in the office of the county clerk of Douglas county at three 'o'clock and twenty minutes in the afternoon of the day of their execution. On the 9th of November, 1891, Wright & Baldwin executed and delivered a chattel mortgage to the South Omaha National Bank and thereby conveyed to said bank the same personal property covered by the mortgages given to Flora M. Wright. This mortgage to the bank was given to secure the payment of the note for $3,000 dated January 7, 1891, and the note of $2,500 dated October 3, 1891. The mortgage recited that it was given subject to the two mortgages given by Wright & Baldwin to Flora M. Wright, and it was filed in the office of the county clerk of Douglas county after the filing of the mortgages to Flora M. Wright. The South Omaha National Bank brought this suit in the district court of Douglas county to foreclose the chattel mortgage given to it by Wright & Baldwin, and they and Flora M. Wright as well were made parties to the action. Flora M. Wright filed an answer in the nature of a cross-petition, claiming that Wright & Baldwin were indebted to her in the sum of $1,000, and interest thereon from January 10, 1891, on

the promissory note of that date given her by them, and that to secure the payment of such indebtedness she was entitled to a first lien upon the mortgaged property by reason of the chattel mortgage executed to her thereon by Wright & Baldwin on November 9, 1891. Pending the action a receiver was appointed, who took charge of the mortgaged property and converted the same into cash. The district court found that there was due from Wright & Baldwin to Flora M. Wright, $1,184.66; that there was due to the South Omaha National Bank from Wright & Baldwin and Flora M. Wright, $3,446.66; and that there was due to the bank from Wright & Baldwin, $2,672.97; and that to secure the payment of said several sums of money, the bank and Flora M. Wright were entitled to the proceeds of the sale of said property mortgaged to them by Wright & Baldwin. The district court, however, decreed that the amount found due Flora M. Wright was the first lien upon the mortgaged property or its proceeds, and that the amount due the bank from Wright & Baldwin and Flora M. Wright was a second lien upon such mortgaged property or its proceeds, and that the amount due the bank from Wright & Baldwin was a third lien upon such mortgaged property or its proceeds, and ordered the proceeds derived from the sale of said mortgaged property distributed accordingly. From this decree the bank has appealed.

The contention of the appellant is that the debt due to it from Wright & Baldwin as principals and Flora M. Wright as surety should have been declared a first lien upon the mortgaged property or its proceeds. This contention is an invocation of the equitable doctrine of subrogation, the argument of the bank being that it is entitled to be subrogated to all the claims against the mortgaged property acquired by Flora M. Wright by the mortgage given to her by Wright & Baldwin to secure the debt due from them to her, and to indemnify her for becoming surety

on their note to the bank. We think this contention must be sustained. The general rule is that a creditor is entitled to the benefit of all securities given by the principal debtor for the indemnity of his surety. (*Haven v. Foley*, 18 Mo., 136, 19 Mo., 632; *Ten Eyck v. Holmes*, 3 Sandf. Ch. [N. Y.], 428; *Van Orden v. Durham*, 35 Cal., 136.) In *Richards v. Yoder*, 10 Neb., 431, it was held: "Where a surety for the payment of a debt receives a security for his indemnity and to discharge such indebtedness, the principal creditor is in equity entitled to the full benefit of that security." (*Curtis v. Tyler*, 9 Paige Ch. [N. Y.], 432.)

This is a suit in equity. All the parties are before the court. It is undisputed that Flora M. Wright is surety for Wright & Baldwin to the bank on the $3,000 note dated January 7, 1891. This note is past due and wholly unpaid. To secure its payment the bank has a lien upon certain chattels by virtue of a mortgage executed to it thereon by Wright & Baldwin; and Flora M. Wright, to indemnify her for signing this note as surety, has also a mortgage upon the same chattel property. She has also a mortgage upon this property to secure a debt due to her from Wright & Baldwin, but this debt is past due, is unpaid, and is held by her. She owes the bank, then, the $3,000 note which she signed as surety. If her debt due from Wright & Baldwin be first satisfied out of the proceeds of the chattel property, the remaining money will be insufficient to discharge the debt owing by her and Wright & Baldwin to the bank. This would necessitate supplemental or further proceedings on the part of the bank against Mrs. Wright to recover the balance due on the note which she signed as surety for Wright & Baldwin. In other words, it would lead to a multiplicity of suits,—a result which a court of equity is always desirous of preventing when it can be done without injury or injustice to the parties.

The doctrine of subrogation is not administered by courts

of equity as a legal right, but the principle is applied to subserve the ends of justice and to do equity in the particular case under consideration. It does not rest on contract, and no general rule can be laid down which will afford a test in all cases for its application. Whether the doctrine is applicable in any particular case depends upon the peculiar facts and circumstances of such case. The case at bar appears to us to be one which calls for the application of this doctrine. The record before us affords not even a suspicion that any injustice will be done Flora M. Wright by postponing the payment of her debt out of the proceeds of the sale of the chattel property to the payment of the debt of Wright & Baldwin to the bank, for which she is also liable. This debt is her debt. The property which has been pledged to her to indemnify her for contracting this debt and to secure to her the payment of the $1,000 loaned Wright & Baldwin is also pledged to secure the payment of the debt of Wright & Baldwin for which she is surety. To apply this mortgaged property then to the payment of Wright & Baldwin's and Flora M. Wright's debt before applying it to the payment of Wright & Baldwin's debt to Flora M. Wright is but to do simple justice. We conclude, therefore, that out of the proceeds of the mortgaged property the district court should have, in this particular case, ordered payments to be made as follows: (1) The costs of the suit, including expenses of the receiver; (2) to the appellant, the amount due to it from Wright & Baldwin and Flora M. Wright; (3) to Flora M. Wright, the amount due to her from Wright & Baldwin; (4) the amount due to the appellant from Wright & Baldwin. The decree of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED AND REMANDED.