HUGH MURPHY CONSTRUCTION COMPANY, APPELLANT, v. HENRY SERCK, APPELLEE.

FILED APRIL 17, 1920. No. 21380.

1. **Master and Servant: EMPLOYERS' LIABILITY ACT: NEGLIGENCE OF THIRD PARTY: COMPENSATION: SUBROGATION.** An injured employee under article VIII, part II of the workmen's compensation act, is entitled to compensation from his employer for an accident arising out of and in the course of his employment, even though the injury occurs by the negligence of a third party. In such a case, under section 3659, Rev. St. 1913, the employer is subrogated to the rights of the employee against such third person. If the employee settles with the wrongdoer, the employer is entitled to have the amount received applied *pro tanto* in payment of the compensation awarded by the compensation commissioner.

2. ———: ———: ———: ———: ———. A negligent third party cannot, without the consent or concurrence of the employer, by settlement with an injured employee, affect or preclude the right of recovery by the employer for damages sustained by the injured workman to the extent of the compensation awarded.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed as modified.*

*William H. Herdman,* for appellant.

*A. W. Elsasser* and *J. C. Kinsler, contra.*

LETTON, J.

This is a proceeding in the nature of an appeal from the decision of the district court and compensation commissioner from an award made against the appellant in a proceeding under the workmen's compensation act. There is no bill of exceptions, and the only question is whether the proper judgment was rendered under the findings of fact. The court found: "That for some time prior to the 11th day of September, 1918, the said Henry Serck was in the employ of said Hugh Murphy Construction Company, and was earning more than $18 a week; that both plaintiff and defendant were operating and working under and governed by the provisions of the workmen's compensation law of the state of Nebraska; that on said 11th day of September, 1918, while the said Henry Serck was driving a truck for the said Hugh Murphy Construction Company, along and upon one of the business streets of the city of Omaha, Nebraska, the Omaha & Council Bluffs Street Railway Company negligently drove one of its said cars against said truck and negligently caused the said Henry Serck to be thrown from said truck and severly injured; the said injury consisted in seriously bruising or 'breaking his left leg at or near the ankle, and that said injury was one arising out of and in the course of the employment of said Henry Serck by the said Hugh Murphy Company, and resulted in the said Henry Serck being wholly disabled for a period of twenty weeks; that the said Henry Serck is entitled to recover compensation from his employer, the said Hugh Murphy Construction Company, for a period of 20 weeks at the rate of $12 per week.

"The court further finds that by executing to said Omaha & Council Bluffs Street Railway Company the release pleaded by the above-named plaintiff and appellant, Hugh Murphy Construction Company, the defendant and appellee, Henry Serck, did not in any manner give up, release or relinquish his right to compensation,

but that he only gave up, released or relinquished such right as he or his employer for him might have had to recover something by way of damages from said street r:'way company over and above any amount for which the employer, the above-named plaintiff and appellant, Hugh Murphy Construction Company, should be liable for or pay to its employee, the above-named defendant and appellee, Henry Serck, as compensation for his said injuries in accordance with the terms and provisions of said workmen's compensation law.''

It was adjudged that Serck recover compensation at the rate of $12 a week for 20 weeks, or $240.

Section 3651, Rev. St. 1913, provides with respect to parties who have accepted the provisions of part II of the act: ''Compensation shall be made for personal injuries to or for the death of such employee by accident arising out of and in the course of his employment, without regard to the negligence of the employer.'' For every such injury it is mandatory that compensation be made; but, where a third person has caused the injury, section 3659 provides: ''The employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expense of making such recovery, shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future instalments of compensation.''

When the accident happened the employer became liable to the employee for compensation to be paid according to the provisions of the statute. The employer

also was subrogated to the right to recover from the negligent third party the full amount of damages suffered by the injured workman. The amount which the employee was entitled to receive from the employer was in a large degree fixed by statute, but the amount which the employer might in turn recover from the wrongdoer is to be determined either by settlement satisfactory to the three parties concerned or by the ordinary process of litigation in an action for damages. The wrongdoer must take notice of the rights of all, and cannot by a settlement with the injured party increase the burden of the innocent employer. The parties concerned are equal in the eye of the law, and the courts will not suffer one to profit at the expense of either of the others. To allow the workman to settle with the street railway company for an unfair or an inadequate sum would compel the employer to be mulcted to an additional extent, therefore, when the street railway company settled with the injured workman, it took the risk of having to pay additional damages to the employer if the settlement was not fair, adequate and satisfactory. If such a settlement was satisfactory to it, the employer is entitled to deduct from the amount of compensation the money which the injured workman has already received by way of settlement. If, however, the settlement was inadequate or obtained by fraud or mistake, and the employer is compelled to pay a greater sum by way of compensation, the employer still has his remedy by proceeding against the street railway company for any damages suffered by the workman in excess of the amount paid by way of settlement. There is no provision in the Nebraska statute, as in those of some states, requiring the injured employee to elect between claiming compensation under the statute and an action for damages against the negligent third party. The following cases support our conclusion. *Woodward v. Conklin & Son,*

157 N. Y. Supp. 948; *McGarvey v. Independent Oil & Grease Co.*, 156 Wis. 580; *Lester v. Otis Elevator Co.*, 153 N. Y. Supp. 1058.

The judgment of the district court is therefore modified to the extent that the $75 received from the street railway company shall be considered to have been applied in payment of the first instalments of compensation until exhausted, and that the remaining instalments shall be paid at the rate of $12 a week until the full sum of $240 has been paid.

MODIFIED AND AFFIRMED.

Rose, J., not sitting.