DOROTHY C. BRONDER, EXECUTRIX, APPELLANT, V. OTIS
ELEVATOR COMPANY ET AL.: H. A. WOLF COMPANY,
APPELLANT: DELMAR DEAN BRONDER, APPELLEE.

FILED JULY 17, 1931. No. 27776.

*Hall, Cline & Williams, Henry J. Beal* and *Byron W. Hunter,* for appellants.

*Smith, Schall & Sheehan* and *Crofoot, Fraser, Connolly & Stryker, contra.*

*Chambers & Holland, amici curiæ.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ.

ROSE, J.

This is an action under Lord Campbell's Act to recover damages for negligence resulting in the death of Frank A. Bronder May 13, 1929. Comp. St. 1929, secs. 30-809, 30-810.

Decedent left surviving him as his only heirs at law his widow, Dorothy C. Bronder, age 30, and Delmar Dean Bronder, age 14, a son by a former wife. Frank A. Bronder was an employee of H. A. Wolf Company, and plaintiff alleged that, while he was performing duties of his employment, he was fatally injured in an elevator shaft in the Paxton Building, Omaha, through negligence of Abel Hamilton who was at the time an employee of Otis Elevator Company. Under the workmen's compensation law the H. A. Wolf Company, a corporation in control of the Paxton Building, but innocent of wrongdoing in connection with its employee's death, paid employer's liability, but declined to sue the wrongdoers, Otis Elevator Company and Abel Hamilton, for negligence. To recover damages therefor in the alleged sum of $40,000, Dorothy C. Bronder, executrix of the estate of her deceased husband, brought this action at law, naming Otis Elevator Company, Abel Hamilton, and H. A. Wolf Company, defendants. In addition to the demand for damages, plaintiff prayed for an order directing payment, out of any judgment recovered by her, of the amount due H. A. Wolf Company for payments made by it under the workmen's compensation law.

The Otis Elevator Company and Hamilton denied the negligence charged by plaintiff. H. A. Wolf Company admitted generally the allegations of plaintiff's petition, pleaded payment of workmen's compensation, and prayed for reimbursement therefor, by right of subrogation, out of any judgment rendered in favor of plaintiff.

Upon a trial to the district court, a jury having been waived, judgment was rendered in favor of plaintiff for $7,500 against the Otis Elevator Company and Hamilton. The Otis Elevator Company complied with a judicial order to pay the amount of the judgment and costs to the clerk of the district court to await distribution and consequently was discharged from further liability.

Delmar Dean Bronder, by Lizzie Randall, his guardian,

intervened and demanded distribution to plaintiff and himself in the same proportions as personal property of an intestate is distributed under the inheritance laws, or one-fourth to plaintiff and three-fourths to intervener. Comp. St. 1929, sec. 30-810.

From the fund of $7,500 for distribution, the district court directed the clerk to pay the attorneys for plaintiff and H. A. Wolf Company $2,500, fees in that sum having been approved by the county court with the consent of all parties to the action. In distributing the remainder, or $5,000, the district court found that H. A. Wolf Company was subrogated to the rights of decedent's widow to the extent of one-fourth of $5,000, or $1,250, on account of payments to her under the workmen's compensation law, and that the minor son of decedent was entitled to three-fourths of $5,000 under the provisions of Lord Campbell's Act, or $3,750. From a judgment ordering distribution according to these findings, plaintiff and H. A. Wolf Company appealed.

The employer, H. A. Wolf Company, contends that it is entitled to reimbursement by right of subrogation for the full amount of compensation paid to the dependent widow under the workmen's compensation law, before any part of the fund recovered from the wrongdoer under Lord Campbell's Act is distributable to heirs of the deceased employee, and that the judgment of the district court to the contrary is erroneous. The following are stipulated facts:

"H. A. Wolf Company has paid in compensation and funeral benefits under said employers' liability law the total sum of $4,791.99 and has likewise expended the sum of $323.20 in expenses in the making of the recovery of said judgment of $7,500 in the above-entitled action, making a total of $5,115.19 thus expended by said H. A. Wolf Company."

The compensation commissioner rendered judgment in favor of the widow, as the only dependent of the deceased employee, against his employer, H. A. Wolf Company, for

the compensation authorized by law. Afterward the district court approved a lump-sum settlement for compensation which the employer paid. The record does not show an appeal from the judgment of the compensation commissioner or from the order approving the settlement. The payments made by the employer for compensation, therefore, were adjudicated claims authorized by the workmen's compensation law. The evidence conclusively shows further that the intervener, Delmar Dean Bronder, is a son of the deceased employee by a former wife, who, after the birth of the son, procured a divorce; that the son was living with his mother at the time of his father's death and was not then a dependent of his father; that the widow of the deceased employee was the only dependent entitled to compensation from the employer. The Otis Elevator Company, defendant, was a "third person" within the meaning of the workmen's compensation law, which provides: "Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents." Comp. St. 1929, sec. 48-118. In the present instance, the amount of the employer's claim for "the expenses of making such recovery" is stipulated to be $323.20. As already shown, H. A. Wolf Company paid employer's liability in the sum of $4,791.99 and expenses of $323.20 in making recovery of $7,500 from a third person, or a total of $5,115.19. Is the employer, by statutory right of subrogation, entitled to reimbursement for these payments and expenses in full before any part of the money collected under Lord Campbell's Act can properly be distributed to the heirs of the deceased employee? The right of subrogation is created by the workmen's compensation law which provides:

"Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the de-

pendents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents should have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future instalments of compensation: Provided, however, that nothing in this section or act shall be construed to deny the right of an injured employee or of his personal representative to bring suit against said third person in his own name or in the name of the personal representative based upon said liability, but in such an event an employer having paid or paying compensation to the said employee or his dependents shall be made a party to the suit for the purpose of reimbursement, under the above provided right of subrogation, of any compensation paid." Comp. St. 1929, sec. 48-118.

This section is part of an act imposing upon employers of labor a liability which did not previously exist. It was competent for the legislature to prescribe the terms and conditions under which the new burdens were imposed. The right of subrogation to provide the means of reimbursement for compensation allowed and paid in consequence of a third person's negligence was an important creation of the legislature. It was intended to benefit the public, the employer and employee, as well as dependents of the latter. The rights to which the employer are subrogated are the rights of "the employee" or of "the dependents," and these rights apply to "any compensation paid." The contract of employment was the employee's contract with his employer. The employee agreed to statutory reimbursement for the protection of the employer to the extent of the compensation paid in the event of a re-

covery from a third person—the wrongdoer whose negligence caused the loss. The statute is by construction a part of the contract of employment and that contract binds alike the employee and the latter's legal representative. *City of Grand Rapids v. Crocker,* 219 Mich. 178.

Under the workmen's compensation law, reimbursement for the full amount of compensation properly paid by employer to employee's dependent, with the employer's expenses for making recovery of damages to that extent from a third person whose negligence caused the death of the employee, is the measure of the employer's statutory right to subrogation. This is obviously the intention of the lawmakers as indicated by the language used, by the spirit of the law in its entirety, and by remedial enactments. Innocent employers who are required to compensate employees for injuries are intentionally granted a measure of relief equivalent to the compensation paid and the expenses incurred, where a third person negligently causes the loss and responds in damages to that extent.

It is argued, however, that the view expressed is at variance with the following provisions of Lord Campbell's Act, under which the money for distribution was recovered:

"Every such action shall be commenced within two years after the death of such person. It shall be brought by and in the name of his personal representative, for the exclusive benefit of the widow or widower and next of kin. The verdict or judgment should be for the amount of damages which the persons in whose behalf the action is brought have sustained, and the avails thereof shall be paid to and distributed among such persons in the same proportions as the personal property of an intestate under the inheritance laws." Comp. St. 1929, sec. 30-810.

The workmen's compensation law is the later enactment. It is an independent statute creating new remedies and liabilities and covering the entire subject of legislation to which it relates. It is well-established law that such a statute may modify inconsistent provisions of an earlier

act without referring to them. In so far as the disbursements required by Lord Campbell's Act are inconsistent with disbursements required by the workmen's compensation law, the provisions of the later act control the specific instances to which it applies. Except as so modified, the provisions of the earlier act are undisturbed. In this view of the law, H. A. Wolf Company, employer of the deceased employee, is entitled to the entire fund remaining in the hands of the clerk of the district court for distribution.

The judgment of the district court is reversed and the cause remanded for a judgment conforming to this opinion.

REVERSED.

GOOD, J., dissents.