STELLA MARSHALL BURKS, SPECIAL ADMINISTRATRIX, APPELLANT, V. JAMES M. PACKER, APPELLEE: EMPLOYERS LIABILITY ASSURANCE CORPORATION, LTD., APPELLANT.

9 N. W. (2d) 471

FILED MAY 7, 1943. No. 31473.

*Gross & Crawford, Kennedy, Holland, DeLacy & Svobo-
da, G. H. Seig, Spittler & Hupp* and *Virgil E. Northwall,*
for appellants.

*Gaines & Shoemaker, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE,
CHAPPELL and WENKE, JJ.

MESSMORE, J.

The special administratrix of the estate of Kenneth Mar-
shall, her son, brought a law action for malpractice against
the defendant doctor for negligently performing an abdom-
inal operation on Marshall, resulting in his death. The pe-
tition, in so far as it need be considered, alleged in sub-
stance that the special administratrix had been awarded
compensation under the Nebraska workmen's compensation
law, paid by the defendant, Employers Liability Assur-
ance Corporation, Ltd. (hereinafter referred to as the in-
surance carrier), and that such insurance carrier was made
a party to this action for the purpose of reimbursement un-
der its right of subrogation, as provided by section 48-118,
Comp. St. 1929, and was the compensation insurance car-
rier of Chapin Construction Company, by whom Marshall
was employed; prayed that the insurance carrier be reim-
bursed and subrogated to the extent of its payment, made
under the compensation award, in the amount of $2,000,
and prayed for damages.

The insurance carrier, by answer, admitted the allega-
tions of the plaintiff's petition, and, by cross-petition, al-
leged that such employee sustained an accident in the course
of his employment and came into the hands of the defend-
ant doctor for treatment; further alleged negligence on the
part of defendant doctor, resulting in the employee's death,
and that plaintiff was the sole dependent of the employee

and, as such, made claim against the employer and this insurance carrier for benefits under the Nebraska workmen's compensation law; that plaintiff filed a petition in the workmen's compensation court and was granted an award for burial benefits and for compensation, payable as and for total dependency; that subsequently this insurance carrier entered into an agreement with plaintiff whereby she was paid a lump sum of $2,000, but without prejudice to the rights of plaintiff against the defendant doctor; that by reason thereof this insurance carrier is subrogated to any recovery by plaintiff in the amount of $2,000, and consents that plaintiff proceed with this action, but if plaintiff should discontinue this action this insurance carrier is entitled to proceed therewith, accounting to the plaintiff for the proceeds of the recovery in excess of said subrogation rights of $2,000.

The separate answer of the defendant doctor denied the allegations of the plaintiff's petition. On oral motion the plaintiff's action was dismissed as to the defendant doctor, without prejudice to the rights of the insurance carrier under its cross-petition. Defendant doctor's amended answer to the cross-petition of the insurance carrier admitted it was such carrier of the employer, and that Marshall, the employee, came into his charge and attention for treatment, being referred to him under the order of the employer; for further answer alleged payment to the plaintiff of $2,500 in full and complete settlement, and in consideration of said payment she dismissed her cause of action against the defendant doctor with prejudice, and executed a full and complete release in accordance with an order of the county court; denied the allegations of the cross-petition, charging him with negligence.

The insurance carrier filed a motion to require this action to proceed upon the original petition of the plaintiff and to adjust the interest of the parties after verdict, which motion was overruled. The insurance carrier then filed a motion to enter judgment in favor of defendant insurance carrier for $2,000 and its costs, for the reason that the amend-

ed answer of defendant doctor shows such defendant paid to plaintiff $2,500 in settlement of said cause of action, and defendant insurance carrier was and is subrogated to the rights of said plaintiff under section 48-118, Comp. St. 1929. This motion was overruled. The case proceeded to trial, and at the conclusion of the plaintiff's evidence motion was made to dismiss on account of insufficient evidence to sustain a verdict. This motion was sustained. Motion for a new trial was filed by the insurance carrier and overruled; hence this appeal.

The insurance carrier (appellant) assigns as error that it has a right in the claim and cause of action of the plaintiff of which it cannot be deprived without its consent, and, when it appeared from the answer of defendant doctor that he had made a separate settlement with the plaintiff by paying her an amount exceeding $2,000, the insurance carrier was entitled to a judgment on the pleadings, and the court erred in overruling such motion.

The defendant doctor contends that no liability on his part has been established; that the insurance carrier chose to proceed on its cross-petition and attempted to establish a liability. Having failed, it now seeks to change its position and is therefore estopped, under the rule as announced in *Peterson v. Strayer*, 121 Neb. 587, 237 N. W. 667, wherein it was held: " 'A party who has, with knowledge of the facts, assumed a particular position in judicial proceedings, and has succeeded in maintaining that position, is estopped to assume a position inconsistent therewith to the prejudice of the adverse party.' 21 C. J. 1223."

Defendant doctor asserts that the insurance carrier, when it filed its cross-petition, recognized the possibility of a con-, tinuance of the plaintiff's action and her right to make an independent settlement, and asked the court that in such event it be permitted to carry on with the action independently; that the statute provides for reimbursement to the employer only when a third person is liable to the employee or to his dependents for the injury or death; that the statute contemplates a determination of liability, either by ad-

mission or judgment; that the answer of the defendant doctor denied liability, and the settlement and release make the condition that there should be no admission of liability by the defendant doctor, or any prejudice to his rights; further, that the insurance carrier's settlement with the plaintiff in the district court stated that the claim with reference to Marshall did not arise out of and in the course of his employment; that, since any right which the insurance carrier has against the defendant doctor must arise under the subrogation statute, and only because of compensation paid, those rights were lost when the court held that there was no liability for compensation.

We are unable to agree that the doctrine of estoppel, as contended for, is applicable. Marshall came under the care of the defendant doctor by being taken to him by a foreman of the employer. An application was made January 30, 1940, by the plaintiff in the county court, praying an approval and authorization of a compromise and settlement between the plaintiff and defendant doctor, and to permit the plaintiff to execute a release and dismiss her cause of action against the doctor, with prejudice, upon the payment of $2,500, but without prejudice to any rights or causes of action which the insurance carrier now has or may have against the defendant doctor. The application sets out that the insurance carrier has filed its answer and cross-petition, in which it alleges that it is to be subrogated to *any recovery* by the plaintiff in the amount of $2,000. On the same day the county court, by order, found the facts of the application to be true, approved the settlement without prejudice to any rights or cause of action which the insurance carrier has against the doctor; also recited in the order that the defendant insurance carrier in its cross-petition seeks to recover the sum of $2,000 against the defendant doctor under its subrogation rights of the workmen's compensation law of Nebraska (Comp. St. 1929, sec. 48-118), "and that said causes of action are separate and distinct, either of which may be compromised or settled without affecting the rights or cause of action of the other."

On May 31, 1939, Stella Burks, Marshall's mother, plaintiff here, and her husband, the employer and insurance carrier joined in an application in the district court to have a lump sum settlement approved. The application recited the nature of the accident, which Marshall claimed to have suffered in the course of his employment; that he was placed in the care of the employer's physician; the denials on the part of the employer of any liability, and that the (defendant) doctor was its physician; that an award was granted by the compensation commissioner, appealed by the employer; the offer of $2,000 in settlement, which was acceptable, and expressly reserving all rights and causes of action against the doctor; that "plaintiff, in contemplation of an action being brought by plaintiff against (defendant doctor in the instant action) for the negligent diagnosis and treatment of said deceased (referring to the employee Marshall), hereby agrees to pay or cause to (be paid to the insurance carrier) out of the gross proceeds of any such claim or action, the first $2,000 of such gross proceeds, in priority to the payment of any other items of claim or expense whatsoever;" the $2,000 to be paid upon condition that the insurance carrier "shall, out of the gross proceeds of *any action* brought against said (defendant doctor), receive the first $2,000 of such proceeds prior to the payment of any other item of claim or expense whatsoever."

June 2, 1939, the district court entered an order, approving the lump sum settlement, and reciting the foregoing agreement as a finding in the order. The defendant doctor, without doubt, knew of this agreement; a review of the pleadings clearly indicates that he did. The test is not a release of liability, as contended for by the doctor; an answer to this is, he paid $2,500 to get rid of a lawsuit; he at least recognized liability to that extent.

Without regard to whether the evidence was sufficient to warrant submission of the case to the jury, the circumstances of this case warrant the application of equitable subrogation. While the characteristics of statutory subrogation and equitable subrogation are the same, we do not

determine the case under statutory subrogation. See Comp. St. 1929, sec. 48-118.

The doctrine of equitable subrogation did not originate in statute or custom, but was invented by equity courts for the purpose of doing full and complete justice between the parties without much regard for legal forms. The doctrine will be applied in all cases where demanded by the dictates of equity, good conscience and public policy. No inflexible rule for its application can be laid down. See *State v. Citizens State Bank,* 118 Neb. 337, 224 N. W. 868, wherein the court applied the doctrine of equitable subrogation to the principle, where one pays the debt of another in the performance of a legal duty, imposed by contract or rules of law. The situation in the instant case is similar in principle. See, also, 25 R. C. L. 1311, sec. 1, 1313, sec. 2; 60 C. J. 740; *South Omaha Nat. Bank v. Wright,* 45 Neb. 23, 63 N. W. 126; *Equitable Life Assurance Society v. Person,* 135 Neb. 800, 284 N. W. 260.

The insurance carrier paid $2,000 to the dependent mother of the employee and, as heretofore shown, made the settlement with the express condition that it be paid the first $2,000 out of the gross proceeds of any claim or action the mother, as personal representative of the deceased employee, had against the doctor. Clearly, the insurance carrier was to be subrogated to such extent.

The district court is directed to enter judgment for the insurance carrier in the amount of $2,000, and costs against the defendant doctor.

REVERSED.