ROGER JACKSON, APPELLEE, AND J.W. BREWER TIRE CO.,
APPELLANT, V. BRANICK INDUSTRIES, INC.,
A NORTH DAKOTA CORPORATION, APPELLEE.

581 N.W.2d 53

Filed July 2, 1998.    No. S-97-113.

John F. Simmons, of Simmons, Olsen, Ediger, Selzer, Ferguson & Carney, P.C., for appellant.

Patrick M. Connealy, of Crites, Shaffer, Connealy, Watson & Harford, for appellee Jackson.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

GERRARD, J.

## INTRODUCTION

Roger Jackson suffered an on-the-job injury while employed by J.W. Brewer Tire Co. (Brewer Tire). Travelers Insurance Company (Travelers), the workers' compensation insurer for Brewer Tire, paid benefits to Jackson in the amount of $133,152.91. Jackson brought a product liability action in the district court for Scotts Bluff County against Branick Industries, Inc. (Branick), which manufactured the piece of equipment Jackson was using at the time of his injury, and Brewer Tire was joined as a plaintiff in the action to protect its subrogation interest. Branick eventually agreed to settle the product liability action for $175,000, and all parties stipulated that Jackson's attorney fees and litigation expenses would be paid out of the settlement. Jackson moved the district court for an equitable division of the remaining settlement proceeds, and Brewer Tire and Travelers objected, claiming that they were entitled to the entire remaining settlement by virtue of their subrogation interest. At the time of Jackson's injury, Neb. Rev. Stat. § 48-118 (Reissue 1993) gave the employer and its insurer a subrogation interest against third-party tort-feasors in the amount of any compensation paid to or on behalf of the employee. However, at the time of the settlement, § 48-118 had been amended to allow the court to make an equitable distribution of the settlement between the employee and the employer or its insurer. The district court found that the change in the statute was procedural in nature and entered an order equitably dividing the settlement proceeds. Because we determine that the statutory amendment was substantive, rather than procedural, we reverse, and remand with directions to the district court.

## FACTS

On February 19, 1993, Jackson was injured while working for Brewer Tire in Scottsbluff, Nebraska. Jackson was operating

a tire dolly allegedly manufactured and sold by Branick at the time of the accident. Jackson was using the tire dolly to unload a tire from a tire balancer when the tire slipped off the dolly, and the cylinder of the dolly shot up and struck Jackson in the throat and lower jaw area. The force of the impact threw Jackson backward into a stack of truck tires, where he struck his head. Jackson suffered a closed head injury, a neck injury that required a cervical fusion, and injuries to his throat and vocal cords. As a result of the accident and the injuries he sustained, Jackson also suffered from chronic depression. At the time of the accident, Travelers was the workers' compensation insurance carrier for Brewer Tire.

Effective July 16, 1994, 1994 Neb. Laws, L.B. 594, made significant changes in § 48-118, which is the statute governing subrogation of workers' compensation benefits paid by the employer or the employer's insurer when a third party is liable for the injury to the employee. Prior to July 16, 1994, § 48-118, in pertinent part, stated:

> A settlement of any lawsuit commenced under this section shall be void unless (1) such settlement and the distribution of the proceeds of the settlement thereof are agreed upon in writing by the employee or his or her personal representative and the insurer of the employer if there be one, and if there be no insurer, then by the employer, or (2) in the absence of such agreement, such settlement is approved by the court before which the action is pending.

L.B. 594 changed the pertinent portion of § 48-118 to read:

> A settlement of any lawsuit commenced under this section shall be void unless (1) such settlement is agreed upon in writing by the employee or his or her personal representative and the insurer of the employer if there is one, and if there is no insurer, then by the employer, or (2) in the absence of such agreement, the court before which the action is pending determines that the settlement offer is fair and reasonable considering liability, damages, and the ability of the third person and his or her liability insurance carrier to satisfy any judgment.
>
> If the employee or his or her personal representative and the insurer of the employer if there is one, and if there

is no insurer, then the employer, do not agree in writing upon distribution of the proceeds of any judgment or settlement, the court upon application shall order a fair and equitable distribution of the proceeds of any judgment or settlement.

Neb. Rev. Stat. § 48-118 (Cum. Supp. 1996). As of July 16, 1994, Travelers had paid workers' compensation benefits in the amount of $78,375.52 to Jackson.

On June 9, 1995, Jackson filed a product liability lawsuit against Branick in the district court for negligence and strict liability in tort based on the design and manufacture of the dolly and Branick's failure to adequately warn foreseeable users of dangers inherent in the design and use of the dolly. In an amended petition filed July 17, 1995, Brewer Tire was joined as an additional plaintiff to protect its subrogation interest. On July 22, 1996, more than a year after Jackson filed suit, Travelers filed a notice of subrogation interest in the case pursuant to "Section 48-118 R.R.S. 1943." At that time, Travelers had paid workers' compensation benefits to and on behalf of Jackson in the amount of $130,444.78. Just over a month later, on August 28, Branick filed an offer of settlement and motion for approval with the district court. The offer stated:

Defendant Branick Industries, Inc. moves the Court for an Order pursuant to Neb. Rev. Stat. § 48-118 (1994 Cum. Supp.), and hereby offers to settle the claim of Plaintiffs Roger Jackson and J.W. Brewer Tire Co. and any lien under the Nebraska Workers' Compensation Act for the total sum of $175,000.00.

Two stipulations were filed on August 30, 1996, in response to the offer of settlement. The first was a stipulation by Jackson, Brewer Tire, and Travelers agreeing that the product liability case against Branick would be settled for $175,000 and that Jackson's attorney would be paid attorney fees and expenses in the amount of $74,480.90. The second stipulation was entered into by Jackson, Brewer Tire, Travelers, and Branick and stated that the parties agreed to the settlement and that $175,000 would be paid by Branick to the clerk of the district court.

On the same day, August 30, 1996, the district court entered an order granting the offer of settlement and motion for

approval. The district court determined that the settlement was fair and reasonable considering the liability and damage issues of the case. Additionally, the district court ordered that the $175,000 paid to the clerk of the district court would be held for distribution to the plaintiffs and their attorney by order of the court after an appropriate hearing. On September 10, Jackson filed a motion for a hearing to "equitably divide the remaining settlement proceeds between the Plaintiffs" pursuant to "*R.S.Supp.*, 1994, § 48-118."

In response to Jackson's motion for a hearing on the distribution of the settlement proceeds, Brewer Tire and Travelers filed an "Answer of Interveners" on October 7, 1996. It should be noted that although Brewer Tire had been joined in the action as a plaintiff by Jackson, Travelers had not filed a petition in intervention, nor had the district court allowed any intervention in the case. The "Answer of Interveners" asserted that the changes made by L.B. 594 which amended § 48-118 were not applicable to the settlement because the effective date of the statute was subsequent to the date of Jackson's injury and after the date that Travelers began paying compensation benefits. Brewer Tire and Travelers also alleged that the changes made by L.B. 594 caused § 48-118 to be unconstitutional. Notice to the Attorney General of the claim of unconstitutionality had been filed on September 24, 1996, in the district court. The Attorney General declined to participate in the litigation in defense of § 48-118 as amended.

The district court held a hearing on October 21, 1996, on the motion for distribution of funds and the "answer" thereto. The district court issued a memorandum order on December 16. First, the district court determined that the changes made by L.B. 594 were procedural in nature and therefore should be applied to this case because the lawsuit and the settlement came into being after the effective date of the legislation. Next, the district court concluded that the legislative direction in § 48-118, as amended by L.B. 594, to the judiciary to " 'order a fair and equitable distribution of the proceeds of any judgment or settlement' " is not an unconstitutional delegation of legislative powers to the judiciary. Finally, the district court apportioned the settlement proceeds, awarding 85 percent to Jackson and 15

percent to Brewer Tire and Travelers. In making the apportion-
ment, the district court also determined that Travelers should
not receive any credits or future credits in the workers' com-
pensation case for the amount Jackson received in the settle-
ment. The district court overruled Travelers' motion for a new
trial on January 9, 1997; thereafter, Brewer Tire and Travelers
timely appealed.

## ASSIGNMENTS OF ERROR

Brewer Tire and Travelers contend that the district court
erred (1) in finding that the version of § 48-118 as amended by
L.B. 594 is applicable to this case; (2) in finding that § 48-118
as amended by L.B. 594 is constitutional; (3) in finding that it
had jurisdiction to determine whether Brewer Tire and Travelers
received credit against their future workers' compensation obli-
gation for that portion of the settlement paid to Jackson; (4) in
determining that Brewer Tire and Travelers should not receive
credit against any future workers' compensation obligation for
that portion of the settlement paid to Jackson; and (5) in appor-
tioning the settlement by giving 85 percent to Jackson and 15
percent to Brewer Tire and Travelers.

## STANDARD OF REVIEW

When reviewing a question of law, an appellate court reaches
a conclusion independent of the lower court's ruling. *Veskerna
v. City of West Point, ante* p. 540, 578 N.W.2d 25 (1998).

## ANALYSIS

With respect to the first assignment of error, we must initially
determine whether the changes made by L.B. 594 to § 48-118
are procedural or substantive in nature. It is a well-established
principle that statutes covering substantive matters in effect at
the time of the occurrence govern, not later enacted statutes.
See, *No Frills Supermarket v. Nebraska Liq. Control Comm.*,
246 Neb. 822, 523 N.W.2d 528 (1994); *Norwest Bank Neb. v.
Bowers*, 246 Neb. 83, 516 N.W.2d 623 (1994). However,
whether a proceeding be criminal or civil, the procedures and
procedural rules to be applied are those which are in effect at the
date of the hearing or proceeding and not those in effect when
the act or violation is charged to have taken place. *Pflasterer v.
Omaha Nat. Bank*, 201 Neb. 427, 268 N.W.2d 104 (1978).

Where there has been an amendment to a statute which was a procedural change and not a substantive change, upon the effective date of the amendment, it is binding upon a tribunal. *Behrens v. American Stores Packing Co.*, 228 Neb. 18, 421 N.W.2d 12 (1988).

"It is generally considered in the law that a *substantive right* is one which creates a right or remedy that did not previously exist and which, but for the creation of the substantive right, would not entitle one to recover. . . . A *procedural right*, on the other hand, is considered to simply be the method by which *an already existing right is exercised.*"

(Emphasis in original.) *Id.* at 25, 421 N.W.2d at 17 (quoting *Smith v. Fremont Contract Carriers*, 218 Neb. 652, 358 N.W.2d 211 (1984)). See, also, *County of Hamilton v. Thomsen*, 158 Neb. 254, 260, 63 N.W.2d 168, 172 (1954) ("[n]o rule of constitutional interpretation is violated by a legislative provision declaring retroactively a procedural method of recovery upon an existing substantive right. Such a provision may be retroactive in its application").

Both prior to and after the amendments made by L.B. 594, § 48-118 grants employers a subrogation interest in actions against third parties:

When a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his or her dependents should have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation . . . .

Both the preamendment and postamendment versions of § 48-118 provide that when the employee, rather than the employer, brings a third-party action, "an employer having paid

or paying compensation to such employee or his or her dependents shall be made a party to the suit for the purpose of reimbursement, under the above provided right of subrogation, of any compensation paid." Likewise, both versions of the statute provide that the employee and the employer or its insurer "[e]ach shall have an equal voice in the claim and the prosecution of such suit and any dispute arising shall be passed upon by the court before which the case is pending . . . ."

Brewer Tire and Travelers assert that the changes made by L.B. 594 are substantive in nature because prior to the 1994 amendment, Brewer Tire and Travelers would have been entitled to dollar-for-dollar recovery of workers' compensation benefits paid to Jackson from any third-party settlement received by Jackson. However, if the 1994 amendment is applicable in this case, Brewer Tire and Travelers would not necessarily be entitled to a full recovery of the benefits they have paid or the entire amount of the settlement if the benefits paid exceed the settlement amount; rather, they would be entitled to receive what a court deems to be a fair and equitable division of the settlement, which in the instant case is a fraction of the total subrogation interest. The district court properly acknowledged that prior to the 1994 amendment of § 48-118, Brewer Tire and Travelers would have been entitled to dollar-for-dollar recovery of their subrogation interest; however, the court found that the amendment was not substantive in nature.

We determine that the district court correctly concluded that prior to the 1994 amendment to § 48-118, Brewer Tire and Travelers would have been entitled to dollar-for-dollar recovery of their subrogation interest. Section 48-118 states that when the employer or its insurer brings the third party action, "[a]ny recovery by the employer [or insurer] against such third person, in excess of the compensation paid by the employer after deducting the expenses of making such recovery, shall be paid forthwith to the employee or to the dependents . . . ." The language of the statute specifically envisions that the employer or the insurer who has paid compensation has a first claim on moneys received from a liable third party. There is no language in the statute that would alter the result if it is the employee that brings the action rather than the employer or insurer.

Thus, in *Bronder v. Otis Elevator Co.*, 121 Neb. 581, 586, 237 N.W. 671, 673 (1931), we stated:

> Under the workmen's compensation law, reimbursement for the full amount of compensation properly paid by employer to employee's dependent, with the employer's expenses for making recovery of damages to that extent from a third person whose negligence caused the death of the employee, is the measure of the employer's statutory right to subrogation. . . . Innocent employers who are required to compensate employees for injuries are intentionally granted a measure of relief equivalent to the compensation paid and the expenses incurred, where a third person negligently causes the loss and responds in damages to that extent.

Dollar-for-dollar recovery for the employer or insurer is also consistent with a great majority of workers' compensation statutes nationwide. "Under most subrogation statutes the payor of compensation gets reimbursement for the amount of his expenditure as a first claim upon the proceeds of the third party recovery, and the employee gets the excess." 6 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 74.31(a) at 14-481 and 14-484 (1998). Accordingly, the district court's finding regarding the nature and scope of Brewer Tire and Travelers' subrogation interest under the pre-L.B. 594 version of § 48-118 was correct.

However, Brewer Tire and Travelers contend that the district court wrongly concluded that the change in their right to recover is a mere procedural change, rather than a substantive change in the law. Brewer Tire and Travelers, citing, inter alia, *Cosse v. Allen-Bradley Co.*, 625 So. 2d 486 (La. 1993), claim that the change made by L.B. 594 is substantive in nature. In *Cosse v. Allen-Bradley Co.*, the lower court found that a change in the method and rate of reimbursement of workers' compensation benefits was substantive in nature and therefore could be applied prospectively only. At the time of the accident in *Cosse v. Allen-Bradley Co.*, the Louisiana workers' compensation subrogation statute entitled the workers' compensation carrier to full reimbursement for all benefits paid. However, by the time proceeds from the subrogation action were to be distributed

between the employee and the employer/insurer, the statute had been amended to provide for a deduction in the employer/insurer's recovery by the percentage of negligence attributable to the injured employee. The Louisiana Supreme Court, addressing a split in the lower courts, held that the application of comparative negligence to workers' compensation subrogation to reduce the recovery of the employer/insurer was a substantive change in the law.

We are presented with a similar situation in the instant case. Prior to L.B. 594, § 48-118 simply stated that when the employee brings a third-party action, the employer is to be made a party to the suit for the purposes of reimbursement "of any compensation paid." Our prior decision in *Bronder v. Otis Elevator Co., supra*, also made it clear that reimbursement for the full amount of compensation paid to or on behalf of an employee is the measure of the employer's statutory subrogation interest. Application of the pre-L.B. 594 version of § 48-118 to this case would result in Brewer Tire and Travelers' recovering the full amount of the settlement because the settlement proceeds were less than Brewer Tire and Travelers' total subrogation interest. On the other hand, application of the post-L.B. 594 version of § 48-118 entitles Brewer Tire and Travelers to whatever the trial court deems is a fair and equitable division of the settlement proceeds, and in this case, that turned out to be a small percentage of their total statutory subrogation interest. The changes made by L.B. 594 essentially call for the application of the law of equity to the statutory right of subrogation, much as the change in the Louisiana law called for the application of the law of comparative negligence to the statutory right of subrogation.

Jackson points to our decisions in *Rehn v. Bingaman*, 151 Neb. 196, 36 N.W.2d 856 (1949), and *Burks v. Packer*, 143 Neb. 373, 9 N.W.2d 471 (1943), for the proposition that the law of equity has always been applied to the statutory right of subrogation contained in § 48-118. A closer reading of those cases, however, reveals that *Rehn v. Bingaman, supra*, and *Burks v. Packer, supra*, do not go that far.

In *Burks v. Packer*, we were addressing a workers' compensation insurer's right of subrogation against a doctor who

allegedly committed malpractice. The doctor settled the malpractice action brought by the employee's representative, making payment directly to the plaintiff, even though he knew the insurer had a subrogation interest in the first $2,000 of any settlement or judgment. While we recognized that the insurer had a statutory right of subrogation under § 48-118, we applied the principles of equitable subrogation to the case to find that the doctor was still directly liable to the insurer for the amount of $2,000 and costs. *Burks v. Packer* was not a case where the insurer's statutory right of subrogation was modified or diminished by equitable subrogation. Rather, the case was decided solely on the principles of equitable subrogation. Moreover, the insurer was awarded the full amount of its subrogation interest in the case.

In *Rehn v. Bingaman, supra*, this court interpreted the holding of *Burks v. Packer, supra*, and stated that

> the employee's right of action against third persons for negligence proximately causing his injuries was a common-law right already existent outside of and notwithstanding the Workmen's Compensation Act. In other words, section 48-118, R. S. 1943, not only preserved the employee's common-law right to recover from third persons as it was before the act, but also, in the final analysis, simply gave the right of legal subrogation to his employer without depriving the employer of his right to equitable subrogation under circumstances requiring its application.

*Rehn v. Bingaman*, 151 Neb. at 201, 36 N.W.2d at 859. This language clarified that equitable subrogation is an *alternative* to statutory subrogation. We have not held that when statutory subrogation is employed, the law of equity may also be employed to modify the statutory right. Statutory and equitable subrogation coexist, but we have never employed a hybrid of statutory and equitable subrogation without direction from the Legislature to do so. In the instant case, the parties and the district court clearly relied on the right to subrogation granted by § 48-118, not equitable subrogation.

L.B. 594 did not merely change the way in which the employer's right to subrogation would be exercised, it actually changed the nature of the subrogation interest itself. The 1994

amendment to § 48-118 injected an element of equity into statutory subrogation where one was not present before and is, therefore, a substantive change in the law. Because L.B. 594 worked a substantive change, rather than a procedural change, we determine that it should be applied prospectively only.

Brewer Tire and Travelers' substantive right to full recovery of their subrogation interest became vested at the time the accident occurred, prior to the effective date of L.B. 594.

> When the accident happened the employer became liable to the employee for compensation to be paid according to the provisions of the statute. The employer also was subrogated to the right to recover from the negligent third party the full amount of damages suffered by the injured workman.

*Murphy Construction Co. v. Serck*, 104 Neb. 398, 400-01, 177 N.W. 747, 748 (1920). Because the workers' compensation statutes affix liability on the employer for injuries occurring in the course and scope of employment, the employer is subrogated at the time of the injury to any claims against third-party tort-feasors who may have caused the injury. Brewer Tire and Travelers' subrogation interest in the case became vested as soon as the injury occurred, because that is when the employer became liable to the employee for compensation to be paid according to the provisions of the workers' compensation statutes. Because we conclude that the changes made to § 48-118 by L.B. 594 are substantive and, thus, apply prospectively, it is unnecessary for us to address Brewer Tire and Travelers' remaining assignments of error.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is reversed, and the cause is remanded with directions to the district court to effect a distribution of the settlement proceeds consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.