FANNIE C. STEVENSON, EXECUTRIX, v. E. K. VALEN-TINE, ADMINISTRATOR.

FILED JANUARY 16, 1894.   No. 4809.

1. Administration: FILING AND ALLOWANCE OF CLAIMS: LIMI-
   TATIONS.  An order of this court, which in the district court
   permitted the ascertainment of the amount of provable claims
   against the estate of a deceased person, did not excuse the filing
   and allowance of such claims in the county court of the proper
   county, wherein, by the provisions of the constitution and stat-
   utes of this state, the settlement of such estate was required to
   be made.

2. ———: PAYMENT OF UNALLOWED CLAIMS: STATUTE OF LIMI-
   TATIONS: PROVABLE CLAIMS.  At the date of first pleading

his alleged right to reimbursement more than four years had elapsed since the claimant, as *administrator de son tort*, had voluntarily paid unallowed claims against a deceased person's estate. Whatever right to reimbursement he may have had was therefore fully barred by the statute of limitations when pleaded, and was not a provable claim against said estate.

3. A provable claim is one not barred by the statute of limitations, and to establish which there is competent evidence available.

ERROR from the district court of Cuming county. Tried below before NORRIS, J.

A former opinion in this case is reported in 27 Neb., 338.

*Uriah Bruner* and *M. McLaughlin,* for plaintiff in error.

*E. K. Valentine* and *J. C. Crawford, contra.*

RYAN, C.

The opinion of this court delivered by REESE, C. J., on the former hearing of this cause will be found on pages 338 *et seq.* of the 27th Nebraska.

Preliminary to a discussion of the matters involved in the present proceedings in error, the facts will probably be sufficiently presented by a quotation of the findings recited in the opinion of Chief Justice REESE. The material part of said findings is as follows:

"First. That the said B. M. Gay died intestate in Cuming county, Nebraska, on or about the 20th day of June, 1883, leaving an estate therein consisting of real and personal property, and also left surviving him a widow and three children living in the state of Connecticut, who are entitled to said property as the heirs of said Gay.

"Second. That in about the month of July, 1883, the said R. F. Stevenson was the attorney for one Angeline Bromley, who claimed the property as her own, took pos-

session of, sold, and converted certain of the property of said estate of the value of $4,055.

"Third. That said Stevenson was an attorney at law, and the only relation he sustained to said property was that of attorney for said Bromley, to whom he accounted for the same.

"Fourth. That the time he so acted for said Bromley the said Stevenson was advised of the fact that said Gay left surviving him the widow and children as aforesaid, and that they were entitled to the property of said estate.

"Fifth. That the said Valentine is the duly appointed and acting administrator of the estate of said Gay, and that Fannie C. Stevenson is the executrix of the estate of said Stevenson.

"And as a conclusion of law, that the acts of said Stevenson in taking possession of and selling said property made him a wrong-doer, and liable for the conversion of said property to the estate of Gay; and that the plaintiff is entitled to recover from the defendant the sum of $4,055, together with interest from August, 1883, at the rate of seven per cent per annum.

*        *.        *        *        *        *  .        *

"It is therefore considered, ordered, and adjudged that the plaintiff have and recover of the defendant the said sum of $5,316.53 damages so as aforesaid found due, to draw interest from this date. And plaintiff recover his costs."

The judgment above referred to was affirmed, but upon motion of the defendant, Mrs. Stevenson, executrix, the following order was made in this court:

"This cause came on to be heard upon the motion by the defendant to modify the order entered herein December 3, 1889, and was submitted to the court, on consideration whereof it is considered by the court that the cause be, and it hereby is, remanded to the district court with directions to permit plaintiff in error to amend her answer so as to set

out the actual debts of the estate of B. M. Gay, deceased, and which were provable against said estate and paid by R. F. Stevenson, if she so desires, and the question of the amount of such provable debts paid by him be ascertained by evidence, and any such amount so found due will be deducted from the amount heretofore ascertained as having been received by said Stevenson; the judgment of the district court as to the amount so received being hereby affirmed, and a proper judgment be entered for the amount due the defendant in error, and that the same be allowed against the estate of plaintiff in error and so certified to the county court."

One effect of this order was to recognize as a fixed quantity the amount due from the estate of R. F. Stevenson, by reason of the conversion by Mr. Stevenson of the assets of the estate of Dr. Gay. In the first trial no counterclaim or set-off had been pleaded on behalf of Mr. Stevenson's estate on account of the debts of the estate of Dr. Gay properly paid by him. Another effect of this order was to permit of the filing of said claim by way of a set-off, as though such filing had occurred previous to the original trial in the district court. On the 6th of March, 1890, there was accordingly filed on behalf of the defendant in this action, in the district court, an amended answer, in which there were pleaded by way of set-off forty-three different items in favor of the estate of R. F. Stevenson as against the estate of B. M. Gay. The aggregate amount of these set-offs, as given by the defendant in said answer, was $2,625. None of these items was of date later than August 9, 1883, as stated in the defendant's answer filed March 6, 1890. There was, therefore, between the accruing of the last cause of action set out in defendant's answer by way of set-off, and its being first pleaded, a period of over six years. As there was no attempt to plead these matters of set-off until the date of the filing of the answer as authorized by this court, the commencement of suit in

respect to these items, as contemplated by the statute of limitations, must be construed as March 6, 1890,—a fact to be borne in mind in connection with such reference as shall hereafter be made to the statute of limitations.

The court instructed the jury to allow the defendant as set-off but the sum of $255.90, which was accordingly done, as to which no complaint is made by defendant in error. The claims, by the instructions of the court withdrawn from the consideration of the jury, were without the support of any evidence under the rulings of the court, and this proceeding must be determined by the correctness of such rulings. In effect, the court held, as we understand the record, first, that it was necessary that the claims pleaded and offered to be proved should have been filed and passed upon in the county court; and, second, that whatever claim might otherwise have existed was barred by the statute of limitations. With such variations as the name of the holders of the claims, the amounts and dates of payment respectively rendered imperative, each of the forty-three counts of the defendant's answer was stated in the following language, used in setting out the first count, to-wit: "Said B. M. Gay, deceased, at the time of his death was justly indebted to the Consolidated Tank Line Company in the sum of $40.74, which said sum the said R. F. Stevenson, deceased, paid said Tank Line Company on or about June 29, 1883." There was, of course, a general recitation in the answer of the indebtedness of Gay at the time of his death to a large number of persons, which the detailed statement above referred to immediately followed; the whole closing with the prayer that the amount of said claims, of the total of $2,625, with interest from August 1, 1883, should be deducted from the amount of the value of said Gay's property which had been received by said R. F. Stevenson, and that said last named amount should be reduced accordingly. Parenthetically, it may be remarked that each of the allegations made in the answer

was denied; the plea of the statute of limitations was interposed, and the necessity for, as well as the lack of, filing the said several claims in the county court and the allowance of each as claims was set up; following which pleas the reply set forth that under the order of the county court the proof of claims against Gay's estate was required to be made within six months from March 6, 1886, and that none of the aforesaid claims had ever been filed or allowed in said county court. In proof of the respective items set forth in the answer of the defendant by way of set-off there was produced evidence simply of payments made by Mr. Stevenson to the holders of alleged claims against Dr. Gay's estate. It will scarcely escape notice that there was no proof, as there had been no pleading of the filing of any such claim or of action in respect thereto in the county court of Cuming county. By timely and proper objections these prerequisites were insisted upon, as well as was the lapse of time for presenting and proving claims.

The plaintiff in error appeals to the order of this court above recited as sufficient to avoid these objections. We do not so understand the scope and effect of the order invoked. Section 16, article 6, of the constitution of Nebraska provides that "county courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlements of estates of deceased persons, appointment of guardians and settlement of their accounts, in all matters relating to apprentices, and such other jurisdiction as may be given by general law." These constitutional provisions are supplemented by section 3, chapter 20, Compiled Statutes, by which it is provided that "the courts of probate in their respective counties shall have exclusive jurisdiction of the probate of wills, the administration of estates of deceased persons," etc. This court could never have intended by its order to nullify these provisions of the constitution and statute of the state, as would the construction contended for by the plaintiff in

error.   The order provided for the allowance by the district court of all "provable" claims.   In the district court no claim against the estate of a deceased person is provable, originally, except upon appeal as to the same from the county court.   The district court, by the statute and constitutional provisions cited, has no jurisdiction to administer the estate of a deceased person; that jurisdiction, by restrictive terms, is confined to the county court.   No order of this court could operate to remove this restriction. Hence, as the construction which we now place upon this order in question is the only one which does no violence to the statute and constitution, it must be accepted as the only admissible construction.   The ruling of the district court, whereby a claim was not deemed provable unless it had been duly filed in the county court and there properly allowed, was correct.

Equally effective was the statute of limitations to exclude from consideration the several claims urged, for more than four years had elapsed since the alleged payment of such claims by Mr. Stevenson before it was pleaded in the district court.   In the trial of the cause, from the result of which the former error proceedings were taken, there was introduced in evidence a letter written by Mr. Stevenson to the pseudo Mrs. B. M. Gay (whose true name was Angeline Bromley).   This letter was dated January 18, 1884, and recited the separate items for which Mr. Stevenson was debtor to the estate of B. M. Gay (known in Nebraska as "Gray").   Following this admission, Mr. Stevenson claimed credit in this letter for payment made by him to general creditors of Gay (*alias* Gray) in the sum of $2,-211.24, and for taxes paid of the amount of $54.70; in all, $2,265.94.   The admission against his own interest was competent testimony as against Mr. Stevenson, or his estate, without doubt.   We have been cited to no authority to sustain the present contention that the admission in his own favor is equally competent.   If Mr. Stevenson him-

self was seeking the allowance of these credits, neither statute nor adjudication could be found to aid him; but how much more inadmissible becomes the proposed admission in his own favor as proof, ignoring as it does the existence and jurisdiction of the county court.

It is quite possible that the result reached may work great hardship to the estate of Mr. Stevenson.   Doubtless, to avoid such a result, this court allowed the representative of said estate to plead and establish all "provable" claims against the estate of Dr. Gay, notwithstanding Mr. Stevenson had acted without authority in selling the property of Dr. Gay and with the proceeds of said sale discharging debts claimed to be due from Dr. Gay's estate. This was the extreme limit of the power of this court.   Mr. Stevenson, when in his own wrong he assumed to dispose of the estate of Dr. Gay, rendered himself liable for the value thereof and all incidental damages, no matter what his motives may have been.   Section 185 of chapter 23, Compiled Statutes, was then, as now, in force, and its provisions were as follows: "If any person or persons, before the granting of letters testamentary or of administration, shall convert to his or their own use, or shall embezzle, alienate, or destroy any of the moneys, goods, chattels, or effects of any deceased person, such person or persons shall stand chargeable and be liable to the executor or administrator of the estate of such deceased person for the value of the moneys, goods, chattels, or effects so converted, embezzled, alienated, or destroyed, and for all damages sustained, to be recovered by such executor or administrator, for the benefit of such estate, by a civil action in any court of competent jurisdiction," etc.

On the former hearing in this court, justice was so far tempered with mercy that the representative of the estate of Mr. Stevenson was permitted to plead matters of set-off omitted on the first hearing in the district court.   Its own rules of practice and procedure it was competent for this

Stevenson v. Valentine.

court to modify, hold in abeyance, or wholly abrogate.  It could not set aside constitutional or statutory provisions affecting and guarantying substantial rights.  The trial had upon these new issues enabled the representative of the estate of Mr. Stevenson to establish as against the estate of Dr. Gay but $255.70.  As no error is apparent in the record of the trial leading to this result, it follows that the judgment of the district court is

AFFIRMED.