### GLICKLICH v GARFIELD et

Ohio Appeals, 1st Dist, Hamilton Co.

No. 5667.   Decided Dec. 11, 1939.

Benjamin S. Schwartz, Cincinnati, for appellee.

Arthur W. Gordon, Cincinnati, for appellants.

### OPINION

By MATTHEWS, J.

This is an appeal on questions of law from the Municipal Court of Cincinnati, which overruled a demurrer to an amended bill of particulars, and the

**130**

defendants, not desiring to plead further, rendered judgment for the plaintiff.

The bill of particulars alleged that the defendants were indebted to her for rent for the two months of April and May, 1939, upon a written lease. It was alleged that "a copy of which lease is hereto attached marked 'Exhibit A' and made part hereof." A copy was thus attached and marked. From an inspection of this document it was disclosed that it purported to be a lease for three years, commencing on or before July 1st, 1938, with an option or privilege of an additional two years. This instrument was signed by both parties on the 3rd day of May, 1938, but was witnessed by only one witness, and does not bear a certificate of acknowledgment before a notary public. There was no direct allegation of an entry or taking possession of the premises.

The court sustained a demurrer to this bill of particulars. Thereupon, the plaintiff filed an amended bill of particulars in the identical language of the bill of particulars excepting that she omitted the words "marked 'Exhibit A' and made part hereof." The defendant demurred to this amended bill of particulars. The court overruled this demurrer and entered the judgment appealed from.

The question presented is whether the amended bill of particulars states a cause of action under the rules of pleading applicable in the Municipal Court of Cincinnati. The sufficiency or insufficiency of the bill of particulars which was superseded by the amended bill of particulars is immaterial. The ruling sustaining the demurrer thereto became harmless upon the filing of the amended bill of particulars.

(1) In determining whether the amended bill of particulars states a cause of action, should the attached copy of the lease be considered a part of the pleading, although not expressly incorporated into it by the pleader?

By §1558-12, GC, which is part of the act creating the Municipal Court of Cincinnati, it is enacted that the judges of the Municipal Court of Cincinnati "may from time to time adopt, publish, and revise rules relating to the matter of practice and procedure—and prescribe—the degree of particularity with which causes of action,—shall be set up."

Under the authority conferred by this section, the court adopted rules of practice, providing, among other things, that:

"Said bill of particulars shall contain: * * *

"(4) A statement in plain and direct language of the facts constituting the cause of action, with sufficient certainty to fairly inform the defendant of the nature of the case he is called upon to defend;

"(5) If in contract, it must set forth or have attached thereto a copy of the contract, if in writing, or if oral, a statement of its terms, and credit must be given for all known credits, counterclaims, or set-offs."

Under the rule enunciated in the case of **Orose v Hodge, 132 Oh St 607,** as the trial court takes judicial notice of its own rules, this Court, on appeal therefrom, is likewise required to judicially notice them. We, therefore, must determine the sufficiency of this pleading by the application of this rule of court. And as we construe the rule it plainly provides alternative methods of pleading the terms of a written contract—either by setting forth its terms in the body of the bill of particulars—or by attaching copy. The choice is left to the pleader. Either is a sufficient pleading of the terms of the contract. Both are not required in any case.

We conclude that in determining the adequacy of the amended bill of particulars, it must be considered as containing the the terms of the lease set forth in the copy attached to it, which copy is by virtue of the rule of practice incorporated into and made a part of

it, although not made so by the express language of the pleader.

(2) Now does the amended bill of particulars state a cause of action? It is urged that as §8510, GC, requires that leases for more than three years shall be witnessed by two witnesses and acknowledged before a notary public, and that as this lease is for three years, with the privilege of two additional years, it is for more than three years, therefore, the instrument is inherently insufficient as a conveyance, and required taking of possession under it to give it any vitality.

In 2 Tiffany on Landlord & Tenant, 1518, it is said that "It has been decided, for the purpose of determining the applicability of a statute restricting the period for which a lease can be made, that the lease is invalid if the sum of the original term and of the renewal term exceed the period named in the statute, and a like view has occasionally, though not always, been asserted in determining the applicability of the Statute of Frauds." In the footnote to this text are listed the decisions pro and con. The numerical weight is on the side of the applicability of the Statute of Frauds. In The Peoples Bldg., Loan & Savings Co. v McIntire, 14 Oh Ap 28, and Hodish v Hallerman, 45 Oh Ap 278, this court expressed views in conformity to the numerical weight. In Swetland & Sons Co. v The Bronx Realty Co., 17 C. C. (N.S.) 249 (affirmed without report in 86 Oh St 313) the opposite view was applied. We find it unnecessary to re-examine this question in this case.

(3) Assuming that this instrument is an ineffectual attempt to convey a greater estate than a term for three years, does that conclusion make the amended bill of particulars demurrable?

The contract is in writing and is signed by the defendant—the party to be charged. The Statute of Frauds (§8621 GC) is therefore complied with. It is a valid contract enforceable according to its terms. At least, this is true in equity. R. K. O. Distributing Co. v Film Center Realty Co., 53 Oh Ap 438; Hodish v Hallerman, 45 Oh Ap 278 at

282, et seq. And, of course, if possession was taken thereunder, it would certainly create a tenancy at law. In Richardson v Bates, 8 Oh St 257, the plaintiff sought to recover rent upon an instrument purporting to convey a term of five years, and containing an express covenant to pay rent. The instrument was not acknowledged or witnessed. The petition contained no direct allegation that possession had been taken thereunder. The defendant answered that the instrument was not executed in compliance with the statute, and, therefore, did not convey the term and that he was not indebted for any rent. The case was submitted to the court, and the evidence disclosed that the defendant had not been in possession during the year for which rent was claimed. The court held that the answer stated a good defense, and that under the evidence the plaintiff was not entitled to recover. It will be observed that in this case the issue was raised by answer and not by demurrer, as in the case at bar. The court and the parties assumed that the petition stated a cause of action without any express allegation that possession had been taken by the tenant unless allegation that rent was due so imported. And we believe the meaning of rent does include possession by the tenant.

Rent is defined by Bouvier (3rd ed, p. 2880) as "A return or compensation for the possession of some corporeal hereditament. A certain profit, either of money, provision or labor, issuing out of lands and tenements for their use."

Upon demurrer, all Ohio courts are required to give to a pleading a reasonable construction, most favorable to the pleader, and reviewing courts are specially enjoined against reversing a judgment of the Municipal Court of Cincinnati on any assignment of error relating to practice, unless necessary to prevent a failure of justice. (Sec. 1558-27, GC). In the light of these rules, the bill of particulars in which it is alleged that the action is for rent must be construed to include an allegation that the defendant was a tenant in

possession and so construed, it states a cause of action.

For these reasons, the judgment is affirmed.

HAMILTON, PJ. & ROSS, J., concur.