JUDGMENT OF DISBARMENT.

IN RE ESTATE OF CALVIN B. EDWARDS.

E. H. LUIKART, RECEIVER, APPELLANT, V. RAY F. QUINN, ADMINISTRATOR, APPELLEE.

294 N. W. 422

FILED OCTOBER 25, 1940.   No. 30863.

*F. C. Radke* and *Leon L. Hines,* for appellant.

*Victor Westermark, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

This is an appeal from the district court for Dundy county from a finding in favor of the defendant, appellee, in disallowing an amended claim filed in the estate of Calvin B. Edwards, deceased, by plaintiff, appellant, and sustaining appellee's objections thereto. Plaintiff appealed from such order. The pertinent facts, not in dispute, are as follows:

Calvin B. Edwards, affiliated with the Citizens State Bank of Benkelman during his lifetime, was the owner of 20 shares of the capital stock of said bank, evidenced by four stock certificates, the first dated May 12, 1909, and the last April 15, 1924. On June 11, 1929, the bank was found and adjudged to be insolvent, and plaintiff was appointed receiver. On May 28, 1935, it was judicially determined that the bank was liquidated, and there remained a deficiency of $236,956.51. Calvin B. Edwards died intestate March 31, 1937, still the owner of the 20 shares of stock. August 26, 1937, Ray F. Quinn was appointed administrator of his estate upon the petition of the plaintiff and qualified as such. On the same day the county court of Dundy county made and entered its order, directing notice to creditors of the estate to be given by publication, and fixed a period of five months from August 26, 1937, as the time in which to file claims. The notice was given as ordered. No decree barring claims is shown by the record.

May 13, 1938, the receiver sued the stockholders of the bank in the district court, making the administrator of the estate a party to the action. He was duly served with process and filed an answer therein. On December 16, 1938, judgment was entered by the district court against the administrator in the sum of $2,000, based on the 20 shares of capital

stock. January 4, 1939, plaintiff filed an amended claim in the county court for $2,000, based on the 20 shares of capital stock, stating that the claim had become absolute, having been converted into a judgment on December 16, 1938, as evidenced by a certified copy of the judgment attached. This amended claim also related that a contingent claim had been filed. The record does not disclose that there was a contingent claim filed. The heirs objected to the amended claim for the following reasons: That plaintiff failed to file a contingent claim for stockholders' liability within the time fixed by the court for filing claims; that more than three months have elapsed since January 28, 1938, the time set for filing claims; that said claim was capable of being exhibited within the time allowed, it was not filed, and the court has no jurisdiction thereof; that plaintiff's claim was a contingent claim up to January 27, 1938, capable of being exhibited to the court, and is now forever barred. The county court sustained the objections; the plaintiff appealed to the district court, and a transcript of the entire record of the proceedings in the county court was filed therein, trial had, and the district court affirmed the judgment of the county court.

Plaintiff contends that the district court erred in finding that the receiver's claim was capable of being exhibited within the time limited for creditors to present their claims; that the judgment is, therefore, contrary to the law and the evidence.

The following sections of the probate code are necessary for consideration in determining this case:

Section 30-609, Comp. St. 1929, under article 6, entitled "Allowance and Payment of Claims," provides as follows: "Every person having a claim or demand against the estate of a deceased person whether due or to become due; whether absolute or contingent, who shall not after the giving notice as required in this chapter exhibit his claim or demand to the judge within the time limited by the court for that purpose, shall be forever barred from recovering on such claim or demand, or setting off the same in any action whatever."

We deem the further provisions of this section not pertinent to the issues. In 1933 the above section of the statute was amended (Laws 1933, ch. 49, sec. 1), the amendment eliminating the words, "whether due or to become due, whether absolute or contingent."

Section 30-701, Comp. St. 1929, under "Contingent Claims," provides in substance: If any person shall have any other contingent claim against an estate which cannot be proved as a debt, the same may be presented with proper proof to the county court, which, if satisfied such claim is a legal demand against said estate, may order the executor or administrator to retain in his hands sufficient to pay such contingent claim when the same shall become absolute.

Section 30-704, Comp. St. 1929, provides: "If the claim of any person shall accrue or become absolute at any time after the time limited for creditors to present their claims, the person having such claim may present it to the court, and prove the same at any time within one year after it shall accrue or become absolute; and if established in the manner provided in this chapter, the executor or administrator shall be required to pay it, if he shall have sufficient assets for that purpose, and shall be required to pay such part as he shall have assets to pay, and if real or personal estate shall afterwards come to his possession, he shall be required to pay such claim or such part as he may have assets sufficient to pay, not exceeding the proportion of the other creditors, in such time as the court may prescribe." In 1933 section 30-704, *supra,* was amended to read: "If the claim of any person not capable of being exhibited within the time limited for creditors to present their claims, shall become absolute at any time thereafter, the person having such claim may present it to the court, and prove the same at any time within one year after it shall become absolute; * * * ." Laws 1933, ch. 49, sec. 2.

A contingent claim against an estate is one where the liability depends upon some future event which may or may not happen and which, therefore, makes it wholly uncertain whether there will ever be a liability. A claim for stock-

holders' liability is a contingent claim. See *Parker v. Luehrmann*, 126 Neb. 1, 252 N. W. 402.

By section 30-609, Comp. St. 1929, all contingent claims should be filed within the time fixed by the county court for creditors to present their claims. By section 30-704, Comp. St. 1929, a creditor having a contingent claim did not have to present the claim until within one year after it became absolute. Section 30-609, as amended by section 1, ch. 49, Laws 1933, Comp. St. Supp. 1939, sec. 30-609, eliminates the element of a contingent claim from said section of the statute, while section 30-704, Comp. St. Supp. 1939, containing the amendment made in 1933, reads differently: "If the claim of any person not capable of being exhibited within the time limited for creditors," etc. Section 30-704, as amended in 1933, has not been heretofore determined.

Plaintiff contends that a contingent claim, such as the claim involved in this case, does not become absolute, within the meaning of the decedent's act, until it becomes a claim proper to be presented to the county court for final adjudication as a claim against the estate (see *Hazlett v. Estate of Blakely*, 70 Neb. 613, 97 N. W. 808) ; therefore, it could not become a claim proper to be allowed by the court until it has passed to judgment in this action (a stockholder's liability suit). Plaintiff cites *Parker v. Luehrmann, supra,* and also relies on *In re Kleinschmidt's Estate*, 167 Wis. 450, 167 N. W. 827, wherein the supreme court of Wisconsin construed a similar section of the statutes. The section of the Wisconsin statute contained the phrase, *"proper to be allowed by the court."* The contention is that this phrase has the same meaning as the language appearing in section 30-704, Comp. St. Supp. 1939, viz., "not capable of being exhibited," meaning not capable of being maintained in any judicial proceedings, a claim not properly allowed by the court, or one not presented to the court.

With the foregoing contention we are unable to agree for the following reasons: The word "claim" must, by necessity, have a uniform sense throughout the probate statutes and be held to include every species of liability which the

executor or administrator can be called upon to pay, or provide for payment of, out of the general fund of the estate. See annotation, 41 A. L. R. 183.

The verb "exhibit" is defined as: "To submit, as a document, to a court or officer in course of proceedings; also, to present or offer officially or in legal form; to bring, as a charge; to file of record." Webster's New International Dictionary (2d ed.).

Section 7, art. XII of the Constitution determined the individual responsibility and liability of owners of bank stock to the bank's creditors. The Citizens State Bank of Benkelman was adjudged insolvent June 11, 1929. May 28, 1935, it was judicially determined that the bank was liquidated and there remained a deficiency of $236,956.51. The liability was then existent as provided by section 7, art. XII of the Constitution. The receiver brought an action in the district court May 13, 1938, against the stockholders, to obtain a judgment for stockholders' liability. In so doing, he alleged in his petition the ownership of Calvin B. Edwards in 20 shares of stock of the par value of $100 a share; that the assets of the bank had been exhausted; the amount of the deficiency judicially determined, and that, by reason of the constitutional liability imposed upon the stockholders of the bank, there was due from Calvin B. Edwards the sum of $2,000. At all times, from and after the appointment of the administrator, during the period for filing claims against the estate, the contingent claim of the receiver could, without question, have been filed. It was capable of presentation and of being exhibited and was a claim which might have been settled by Calvin B. Edwards during his lifetime, or been settled by the administrator of his estate under proper order of the court. In this type of claims it is not required that one must wait for the routine of court procedure. The amount of the liability was known, and the receiver could have accepted settlement, had an offer of settlement been made. By requiring all claims capable of being exhibited, either general or contingent, to be filed, the court would be advised of the actual or probable in-

debtedness of the estate at the time of making the order allowing claims. Such interpretation of this section of the statute would expedite the handling of estates and enable provision to be made to either pay the claim, or, if the estate were insolvent, to prorate the assets of the estate. This, obviously, was the reason for the amendment.

The case of *In re Estate of Montgomery*, 133 Neb. 153, 274 N. W. 487, which plaintiff claims is decisive of the instant case, was governed by sections 30-701 to 30-704, Comp. St. 1929, as section 30-704 existed before the amendment of 1933, while the question in the instant case is whether or not the receiver's contingent claim was capable of being exhibited within the time limited for creditors to present their claims. As heretofore explained, we deem the receiver's claim one capable of being exhibited within the time limited.

"In the construction of a statute, effect must be given, if possible, to all its several parts. No sentence, clause or word should be rejected as meaningless or superfluous, if it can be avoided; but the subject of the enactment and the language employed, in its plain, ordinary and popular sense, should be taken into account, in order to determine the legislative will." *Hagenbuck v. Reed,* 3 Neb. 17.

Section 30-704, Comp. St. Supp. 1939, deals with contingent claims against an estate, and with reference thereto must be read in connection with section 30-609, Comp. St. Supp. 1939. When a claim against an estate is capable of being exhibited, it must be presented to the county court within the time limited for creditors to file their claims, and, if not so presented and filed, such claim is barred. It is clear that the sections of the statute here involved required the contingent claim of the receiver to be filed within the time limited for creditors to file claims.

AFFIRMED.