ERIC H. REHN, APPELLEE, v. ARTHUR BINGAMAN, ADMINISTRATOR OF THE ESTATE OF ALVIN A. BINGAMAN, DECEASED, APPELLANT, IMPLEADED WITH JOHN P. MAINELLI, DOING BUSINESS UNDER THE NAME AND STYLE OF MAINELLI CONSTRUCTION COMPANY, APPELLEE.

36 N. W. 2d 856

Filed April 14, 1949. No. 32592.

*Cranny & Moore,* for appellant.

*Emmet L. Murphy, E. Melvin Kennedy,* and *G. H. Seig,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CHAPPELL, J.

This original action was filed in the district court for Douglas County against Arthur Bingaman, administrator of the estate of Alvin A. Bingaman, deceased, to recover damages for personal injuries alleged to have been proximately caused by the negligence of deceased

during his lifetime. John P. Mainelli, doing business as Mainelli Construction Company, was made defendant ·for the sole purpose of protecting his right to subrogation as provided in section 48-118, R. S. 1943, of the Workmen's Compensation Act.

After trial to a jury, plaintiff was awarded a verdict and judgment. Defendant administrator's motions for judgment of dismissal notwithstanding the verdict, and for new trial, were overruled, whereupon he appealed. His brief contains some 32 assignments of error, but as we view the record, only two propositions of law require discussion and decision to dispose of the cause. They both relate to jurisdiction of the subject matter, and are respectively: (1) Did plaintiff's cause of action survive the death of Alvin A. Bingaman, in other words, was there then existent a subject matter over which any competent court could exercise jurisdiction, and if so, (2) did the district court have original jurisdiction of the subject matter in any event, since the alleged tort occurred and plaintiff's alleged cause of action arose during the lifetime of Alvin A. Bingaman, but no action thereon was filed until after his death, and was then brought against the administrator of his estate. We conclude that the cause of action survived, but that the district court did not have original jurisdiction of the subject matter thereof.

This court has heretofore affirmatively adjudged the question of survival under almost identical circumstances, but has never directly passed upon the question of the district court's original jurisdiction of causes like the one at bar.

In re Estate of Grainger, 121 Neb. 338, 237 N. W. 153, 78 A. L. R. 597, a claim for damages for personal injuries alleged to have been proximately caused by negligence of deceased during his lifetime, was, after his death resulting from the same accident, filed against his estate in the county court for Lancaster County. Demurrer thereto was sustained and the claim was dis-

missed. Appeal therefrom was taken to the district court where an amended demurrer to the first cause of action for personal injuries, as pleaded in the petition on appeal, was sustained and the cause dismissed. An appeal therefrom was taken to this court, where the judgment was reversed.

In doing so, it was held: "An action for personal injuries may be prosecuted against the estate of a decedent whose negligence is alleged to have been the proximate cause of the injury.

"The right to an action for personal injury does not abate by reason of the death of the wrongdoer before the action was brought."

Likewise, in Wilfong v. Omaha & C. B. St. Ry. Co., 129 Neb. 600, 262 N. W. 537, after citing with approval and quoting from In re Estate of Grainger, *supra*, and Waller v. First Savings & Trust Co., 103 Fla. 1025, 138 So. 780, it was held: "In view of the self-executing provisions of section 13, art. 1 of our Constitution, courts of this state must be open at all times to afford a remedy by due course of law for any injury done 'a party' in his person, without denial or delay, and without reference to and wholly unaffected by the subsequent death of the wrongdoer or the party wronged."

Admittedly, there are authorities from other jurisdictions which have reached contrary conclusions, but it appears that they have done so either under statutes or constitutional provisions different from our own, or regardless, have applied strictly the common-law rule of "actio personalis moritur cum persona" to the full extent of its original scope, which in the light of its conflict with our organic law and statutes, as well as our modern needs and conditions, this court has refused to do.

Contrary to defendant's contention, In re Estate of Samson, 142 Neb. 556, 7 N. W. 2d 60, 144 A. L. R. 264, did not by any manner or means overrule, modify, or

repudiate the conclusions reached in In re Estate of Grainger, *supra*, and Wilfong v. Omaha & C. B. St. Ry. Co., *supra*, to which we still adhere.

That case is clearly distinguishable upon the facts. Therein a claim for widow's allowance was denied in the county court. She appealed, but died while the appeal was pending in the district court. The executor of her estate then sought revivor, to which a plea in abatement was overruled, and the cause of action was revived in the name of her executor. This court, upon appeal therefrom, reversed the judgment and dismissed the action, concluding that the cause of action did not survive the widow's death, hence there was nothing to revive since the widow's claim for allowance was purely a personal right to support, created by statute, section 30-103, R. S. 1943, which she alone could enjoy during her survival, and then only for a limited period in any event. In other words, on a par with Williams v. Williams, 146 Neb. 383, 19 N. W. 2d 630, the subject matter, the widow's status of personal survival which formed the basis of her cause of action for support while living, was destroyed by her death, and there was nothing left to survive thereafter.

In re Estate of Samson, *supra*, held in part: "A cause of action created by statute does not survive unless declared so to do by the statute itself or by provisions for its survival made by some other statute."

In the light thereof, defendant herein argued that since plaintiff's cause of action was one created by section 48-118, R. S. 1943, then In re Estate of Samson, *supra*, controlled the case at bar, citing Muncaster v. Graham Ice Cream Co., 103 Neb. 379, 172 N. W. 52, relied upon in O'Donnell v. Baker Ice Machine Co., 114 Neb. 9, 205 N. W. 561. We cannot so hold.

In that connection, it will be observed that the proviso contained in section 48-118, R. S. 1943, was added thereto by Chapter 135, Laws of Nebraska, 1929, p. 489, after the foregoing opinions were written, thereby mak-

ing ineffective the obiter dicta appearing in Muncaster v. Graham Ice Cream Co., *supra,* to the effect that such section gave "to the injured employee a right of action where the injury complained of grew out of carelessness or negligence of a third party, * * *."

The proviso now reads: "* * * that nothing in this section or act shall be construed to deny the right of an injured employee or of his personal representative to bring suit against such third person in his own name or in the name of the personal representative based upon such liability, * * *." It then simply directs that "in such event an employer having paid or paying compensation to such employee or his dependents shall be made a party to the suit for the purpose of reimbursement, under the above provided right of subrogation, of any compensation paid."

As we view it, the concurring opinion in Muncaster v. Graham Ice Cream Co., *supra,* to the effect that "plaintiff's right of action, if any, against * * * a third person with whom he had no contractual relations, is not given by the workmen's compensation act" was confirmed by the 1929 amendment, as the original legislative intent. See Oliver v. Nelson, 128 Neb. 160, 258 N. W. 69.

We conclude that the employee's right of action against third persons for negligence proximately causing his injuries was a common-law right already existent outside of and notwithstanding the Workmen's Compensation Act. In other words, section 48-118, R. S. 1943, not only preserved the employee's common-law right to recover from third persons as it was before the act, but also, in the final analysis, simply gave the right of legal subrogation to his employer without depriving the employer of his right to equitable subrogation under circumstances requiring its application. Burks v. Packer, 143 Neb. 373, 9 N. W. 2d 471.

Defendant argued that deceased was not an independent contractor but a fellow employee of plaintiff, and

thus not a third person within the purview of section 48-118, R. S. 1943. Whether deceased was an independent contractor or a fellow employee we are not required to decide. In any event, whether he was the one or the other is of no importance because he would be such a third person in any event. Concededly, an independent contractor would be such a third person, and it is generally the rule that a fellow employee would also be such person regardless of the capacity of his employment, so long as he did not occupy the relationship of employer of plaintiff. 57 C. J. S., Master and Servant, § 578, p. 348; 35 Am. Jur., Master and Servant, § 525, p. 954, and § 526, p. 955; Annotation, 99 A. L. R. 422; Hudson v. Moonier, 94 F. 2d 132, 102 F. 2d 96.

In McGonigle v. Gryphan, 201 Wis. 269, 229 N. W. 81, citing other cases, and quoting from Zimmer v. Casey, 296 Pa. 529, 146 A. 130, it was said: " 'When the term "third party" is mentioned in the workmen's compensation act, it means any person other than the master, or those whom the act makes master, and the employee who is seeking compensation under their agreement. The act is careful to preserve the status of a third person by not defining the term; so the presumption must be that the law as to third persons in every respect stands as it was before the act.' " See, also, Allen v. Trester, 112 Neb. 515, 199 N. W. 841, and Fonda v. Northwestern Public Service Co., 134 Neb. 430, 278 N. W. 836, indicating the same conclusion. To hold otherwise would unjustly confer upon every employee freedom to neglect his duty toward a fellow employee and thus escape with impunity from all liability for damages proximately caused by his own negligence.

Since the cause of action survived, we turn to the question of whether or not the district court had original jurisdiction of the subject matter thereof. In doing so, we conclude that it did not, but that, as argued

by defendant, the plaintiff's remedy, if any, was by claim originally filed in the county court against the estate of Alvin A. Bingaman, deceased.

In that connection, Article V, section 16, Constitution of Nebraska, provides: "County courts shall be courts of record, and shall have original jurisdiction in all matters of probate, settlement of estates of deceased persons, and in such proceedings to find and determine heirship; appointment of guardians, and settlement of their accounts; and such other jurisdiction as may be given by general law: * * *."

In discussing the foregoing constitutional provisions and the exclusive original jurisdiction thereby vested in the county court, it was said in Williams v. Miles, 63 Neb. 859, 89 N. W. 451: "To it resort must first be had for the protection of any right or the granting of any relief to which a party may be entitled, growing out of or arising from the subjects mentioned. In view of the authority and jurisdiction thus conferred on county courts as courts of record having original jurisdiction, can it be seriously doubted that such court is empowered to grant the relief to which a party may be entitled, whether founded upon either legal or equitable grounds, or whether the character of the action is such as properly may be denominated either an action at law or in equity? * * * On principle and authority the conclusion, we think, is inevitable that in granting the relief to which a party is entitled, or the protection of his rights when the subject of litigation comes within the jurisdiction of the county court, it may exercise all the powers of a court of general jurisdiction, either legal or equitable, which pertain to the subject over which it is given such jurisdiction." See, also, In re Estate of Statz, 144 Neb. 154, 12 N. W. 2d 829, with relation to the constitutional provision aforesaid, and sections 24-503 and 24-504, R. S. 1943, discussed *infra*.

Section 24-503, R. S. 1943, provides: "The county court shall have exclusive jurisdiction of the probate

of wills, the administration of estates of deceased persons, * * *." Section 24-504, R. S. 1943, also provides: "The county court shall have power (1) to hear and determine claims and set-offs in the matter of estates of deceased persons; * * *." Section 30-601, R. S. 1943, provides: "When letters testamentary or of administration, or of special administration shall be granted by any court of probate, or during any appeal from such order, it shall be the duty of the judge of the court to receive, examine, adjust and allow all lawful claims and demands of all persons against the deceased; * * *."

2 Woerner, The American Law of Administration (3d ed.), § 391, p. 1265, lists 28 states, including Nebraska, "in which the power to try claims has been conferred upon courts of probate jurisdiction: * * *." Thereafter, in § 392, p. 1268, it is said: "But the power to try claims against the estates of deceased persons includes all actions upon which a money judgment can be rendered, whether growing out of contract or tort, whether legal or equitable in their nature."

In Hendreschke v. Harvard High School District, 35 Neb. 400, 53 N. W. 204, it was held: "Where a statute upon a particular subject has provided a special tribunal for the determination of questions pertaining to such subject, the jurisdiction of such tribunal is exclusive, unless otherwise expressed or clearly implied from the act." See, also, Armstrong v. Mayer, 60 Neb. 423, 83 N. W. 401. Here, such a tribunal, the county court, was not only expressly provided by statute but also by the organic law of this state.

As held in In re Estate of Edwards, 138 Neb. 671, 294 N. W. 422: "The word 'claim' includes every species of liability which an executor or an administrator of an estate can be called upon to pay, or provide for payment of, out of the general fund of the estate." See, also, 34 C. J. S., Executors and Administrators, § 367, p. 95.

As stated in Stevenson v. Valentine, 38 Neb. 902, 57 N. W. 746: "In the district court no claim against the

estate of a deceased person is provable, originally, except upon appeal as to the same from the county court."

In Craig v. Anderson, 3 Neb. (Unoff.) 638, 92 N. W. 640, it was held: "The district courts of this state have no original jurisdiction to allow claims against the estate of a decedent or to order the payment of such claims out of funds in the hands of the administrator." See, also, Dame, Probate and Administration (3d ed.), § 385, p. 400.

Therefore, particularly applicable is the holding in Stewart v. Herten, 125 Neb. 210, 249 N. W. 552: "Where exclusive jurisdiction of a subject-matter is conferred on county courts, and where relief sought in an action pertaining thereto but instituted in a district court is such that the county court under these powers so conferred is authorized to grant it, the district court will be deemed to have no original jurisdiction in the premises."

Section 30-801, R. S. 1943, provides: "No action shall be commenced against the executor or administrator except actions to recover the possession of real or personal property, and actions for relief other than for the recovery of money only, and such actions as are permitted in sections 30-704, 30-705, 30-706 and 30-714; * * *."

Clearly, plaintiff's cause of action, including his employer's right to subrogation as well, come within the prohibition of the aforesaid section as actions for the recovery of money only. Drainage District v. O'Neill, 109 Neb. 552, 191 N. W. 685; Krotine v. Link, 36 Ohio App. 537, 173 N. E. 443; Reed v. Ramey, 82 Ohio App. 171, 80 N. E. 2d 250.

We are confronted with the question then of whether or not plaintiff's right, as argued by him, was a contingent claim within the provisions of sections 30-704, 30-705, 30-706, and 30-714, R. S. 1943, which was required to be first made absolute by a decree of the district court before presentation against the estate of deceased in the county court. We conclude that it was not.

A contingent claim against an estate is one where the liability depends upon some future event or contingency

which may or may not occur, and which therefore makes it wholly uncertain whether there ever will be a liability. The contingency does not relate simply to the amount which may be recovered, but to the uncertainty of whether or not the future event will ever occur, to thereby effect a right of action or liability. In re Estate of Bolton, 121 Neb. 737, 238 N. W. 358; Parker v. Luehrmann, 126 Neb. 1, 252 N. W. 402; 21 Am. Jur., Executors and Administrators, § 356, p. 582; 34 C. J. S., Executors and Administrators, § 377, p. 122; Dame, Probate and Administration (3d ed.), p. 425, § 415.

As stated in Pierce v. Johnson, 136 Ohio St. 95, 23 N. E. 2d 993, 125 A. L. R. 867: "A liability on an unliquidated claim for damages arising out of a tort does not depend for its creation upon the occurrence of some uncertain event in the future. On the contrary, such claim is, as of necessity it must be, based on the theory that the event, the tort, giving rise to liability, has already occurred, and that a cause of action has already accrued and is in existence. A claim thus grounded cannot be said to be contingent." See, also, Hicks v. Wilbur, 38 R. I. 268, 94 A. 872, wherein it was said: "Whether the claimant in tort will recover is uncertain; but this is true of all claimants, whatever be the nature of their claims, whether for liquidated or unliquidated damages, or whether the claim arises in tort or in contract; and, if such claimants are allowed to recover, the amount of the damages which may be awarded is uncertain, but these circumstances do not render their claims contingent. A contingent claim within the meaning of the statute is one that depends for its effect upon some future event which may or may not happen. Until that event happens a right of action upon said claim does not arise."

We conclude, therefore, that although plaintiff's cause of action survived, the district court had no original jurisdiction of the subject matter thereof, and in conformity with our holding in Schmidt v. Henderson, 148 Neb. 343, 27 N. W. 2d 396, and Lippincott v. Wolski, 147

Neb. 930, 25 N. W. 2d 747, 169 A. L. R. 1236, the judgment herein should be and hereby is reversed and the cause is dismissed.

REVERSED AND DISMISSED.