**SOLTESZ, Plaintiff, v. CARTER et al, Defendants.**

Common Pleas Court, Summit County.

No. 170068. Decided August 17, 1949.

Eugene Trunko, Akron, for plaintiff.
Robert Brouse, Akron, for defendant.

## OPINION

By WATTERS, J.

This action is one **in equity** in which the plaintiff, a tenant, occupying a room in the building purchased by the defendant, as a barber shop, seeks to compel the defendant to execute a proper lease to him for a period of ten years, and to enjoin the defendant from proceeding further in a forcible entry and detainer action brought in the Municipal Court in Akron to secure possession of the store room.

The action was tried upon an agreed statement of facts offered in evidence and marked Court's Exhibit X, which is made a part of this finding as though rewritten herein.

In addition there was oral testimony in this court of the plaintiff, tenant, John Soltesz, Jack Carter, the owner and purchaser who purchased the premises by deed dated July 1, 1946, jointly with one Mike Parker, who has sold out to Jack Carter, and of the seller or grantor, Samuel J. Britsch.

Carter and Parker were also tenants of Britsch when they bought the building, as was John Soltesz, who occupied a room as a barber shop and had been in possession since about January 29, 1943. Both Carter and Parker had full knowledge of Soltesz's occupancy, but actually knew nothing of his lease until after the deal to purchase was actually consummated and the purchase money paid over to Britsch, about July 30, 1946. It will be noted that the deed was filed for record July 30, 1946.

The lease in question, it is conceded, was defectively executed. The grantor never appeared before the notary, Mr. Trunko, and never acknowledged the same. Also the lease which purports to be for a ten year term was never recorded.

Reference to the lease will also show the following—"for the term of Ten (10) ———— beginning on the first day of February, 1943." No specific term is there mentioned.

Later on appears this wording: "It is further agreed that the lessor will furnish all heat and water during the term of this lease, to-wit for a period of ten (10) years. It is further agreed that the lessee may terminate or cancel this lease at his option at any time."

Apparently such a clause is valid (See **O. Juris. Volume 24, paragraph 393, page 1144**), although it ties the lessor up, but gives the lessee the right to terminate at will.

As said before, the lease was not recorded. The abstract or certificate of title prepared for the purchasers of course showed no lease. The evidence shows that the purchasers, although they had actual knowledge of the tenant's possession, had no knowledge of the existence of the lease until after the purchase was consummated. Also Britsch, the grantor, did not apprise them of the lease until after the purchase was consummated and the purchasers had approached Soltesz in regard to raising the rent which was twenty dollars per month, and he mentioned the lease. They then asked Britsch, and he for the first time told them of the lease and brought them a copy thereof.

I have had the court reporter write up the testimony of the plaintiff, Soltesz, the tenant, and of Carter, the purchaser, and of Bertsch, the vendor, and I find no evidence of concealment or fraud by the tenant. The purchasers had full and actual knowledge of his tenancy, but did not ask him under what kind of a tenancy he held. When Britsch was asked about it, he readily admitted the lease. I think the duty, if any, was upon the purchasers with knowledge of the possession of the tenant, to make a full inquiry. But the tenant. under the Ohio law, was in a perfect position. He was

in possession and the purchasers knew it. Furthermore he perhaps was not too anxious to speak out, as he under the law had his landlord bound for ten years, but could get out of the lease himself at will.

No purchaser could anticipate such a state of affairs, especially when the tenant was paying the meagre sum of twenty dollars per month with his water, etc. furnished.

## THE LAW.

In the case of Robert Raitz and Company v. Dow, cited by the plaintiff in his brief, syllabi 1 and 2, 20 Circuit Dec. 284, the court did rule that although the lease being for five years and being imperfectly executed, it was binding on subsequent purchasers **because the purchasers had full knowledge of the existence of said imperfectly executed lease and of all its terms.** So the court ruled that equity would decree that the lease would be construed as a contract to make a lease, and ordered a lease executed on the terms originally contemplated, and ordered the forcible entry action enjoined.

This of course is far different where the only notice the purchaser has is that the tenant is in possession, but does not know of the existence of the lease itself.

It will be noted that the above case was one in equity also. That case is undoubted by the law although it seems to me it makes ineffective and useless all the recording statutes and those having to do with the proper execution of leases.

But now we turn to our own Court of Appeals to an equity case wherein the purchasers did not know of the existence of the leases, and had no knowledge of the tenant's possession or occupancy. I refer to **19 Oh Ap, 521, Parsons v. Weinstein, et al,** decided by the Ninth District Court of Appeals on June 24, 1924.

Syllabus—"In equity a lessee of real estate in actual possession thereof under a defectively executed lease for a term of three years, with the privilege of five years additional, and a lessee in actual possession of real estate under a properly executed but unrecorded lease for a term of three years, with the privilege of seven years additional, **are entitled to hold possession of said real estate for the full terms of said leases against all who acquire an interest therein, although the latter did not have actual notice of the occupancy of such lessees."** (Emphasis ours.)

This case cites also **15 Oh St, 162.** "A purchaser of land in actual possession of a third party, is chargeable with notice

of any equitable title of the party in possession whatever the same may prove to be."

The Parsons case goes a long way, and it will be noticed that the parties acquiring the interest did not have actual notice of the tenant's occupancy.

This case (19 Oh Ap) in legal effect voids all the recording statutes including §8510 GC as to the matter of proper execution of leases, and §8543 GC which in substance holds that a lease for more than three years which is unrecorded, is deemed fraudulent as against a bonafide purchaser.

However the answer in Ohio is stated in 24 O. Jur., at page 779, about the middle of the page (under paragraph 48, beginning on page 777).

"While it has been said that the knowledge that will defeat the bonafide character of a subsequent purchaser * * * must be actual knowledge, and that circumstances that should put him on notice are not sufficient, it is the settled rule in Ohio that a purchaser of land which is in actual possession of a third party, is chargeable with notice of any equitable right of the party in possession, whatever the same may be. And this is so in equity at least, whether or not the subsequent purchaser had actual knowledge of the possession of the lessee. Obviously, the result of the application of this rule to the effect of the known possession of a tenant for the purpose of the recording act would be that a third person who has actual knowledge of the tenant's possession at the time he acquires his right is not a bona fide purchaser having no knowledge at the time of purchase of the existence of the unrecorded lease, and is not a person as to whom the unrecorded lease is fraudulent." (Emphasis ours.)

Citing Schloss v. Brown, 13 Oh Ap, 294.
Lithograph Co. v. Watt, 96 Oh St, 74.
Riley v. Rochester, 105 Oh St, 258.

This is undoubtedly the rule in equity in Ohio, but not the rule at law. Many of the cases cited by the defendant are cases at law.

See 19 Oh Ap, 521, Parsons v. Weinstein. (9th District).

53 Oh Ap, 438, R. K. O. Dist. Co. v. Film Center Realty Company.

See also 24 O. Jur., page 747, paragraph 13.

This latter case (53 Oh Ap) in the third syllabus seems to carry out the defendant's theory in this case that at best the tenant would have a year to year tenancy only and there-

fore could be properly put out at the end of the year, the defendant having given notice to terminate at the end of a yearly period.

But reading further in the syllabus (3) of said case, the lessee in equity is entitled to specific performance, which means simply that **in equity,** according to the cases, and specifically that of our Court of Appeals, in **19 Oh Ap, 521** **(supra)** the recording statutes do not mean a thing, and the lessee is entitled to have specific performance of the contract to make a lease **for the full term of the defective or unrecorded lease** either as against his lessor or as against a subsequent purchaser, where lessee is in possession, even though the purchaser does not have knowledge of the possession of the tenant.

Accordingly the relief prayed for by the plaintiff should be granted.

Personally I am not in favor of a tenant under a defectively executed and unrecorded lease for more than 3 years being able to prevail against any purchaser who has knowledge **only of the tenant's possession and not of the lease itself.** As between the original lessor and lessee I think such a rule equitable. However to apply it to a purchaser for value, with notice only of occupancy, in my opinion is, even in equity, far fetched. But I believe I have interpreted the present Ohio law as followed by our Court of Appeals correctly.

Journal entry may be drawn accordingly with exceptions.