**CORVINGTON, Plaintiff, v. HEPPERT, Defendant.**

Common Pleas Court, Summit County.

No. 159662.  Decided February 18, 1950.

O. H. Corvington, Evan Reed, Akron, for plaintiff.
Scott Belden, C. T. Moore, Akron, for defendant.

### FINDINGS OF FACT AND LAW

By WATTERS, J.

This is an action by Attorney O. H. Corvington, grantee, against Mrs. Heppert, for damages for claimed breach of warranty and misrepresentation, etc., in the sale of a parcel of **registered land** at 1278 Copley Road, Akron, Ohio.

Plaintiff claims that the breach consists of an encumbrance, a written lease for two years with renewal option of three more years, which option was exercised by the tenant. He claims first that he, the plaintiff, could have raised the rent of the lessee, Clyde Howard, who runs a drug store in the building, but for the lease.

The plaintiff Corvington never notified the tenant Howard of any raise in rent, nor did he claim any raise in rent, nor was any notice to vacate given or suit filed to evict. Mr. Corvington has apparently at all times proceeded on the theory that he was bound by the claimed lease.

The court finds that Mr. Corvington was not misled or imposed upon. On the contrary I believe he was put upon notice to inquire into the nature of Mr. Howard's tenancy.

This matter was tried to the court on all issues except damages, it being agreed that if the court found plaintiff entitled to have the damage issue submitted at all, that said issue as to the amount thereof, if any, should be tried to a jury.

On May 13th, 1946, Henry Earl Williard and Ivy C. Williard, husband and wife, deeded the premises to the defendant, Nellie C. V. Heppert. The new certificate (registered land) was issued upon the filing of the deed therefor on May 28, 1946. The fee was in Mrs. Ivy C. Williard. The warranty deed did not mention or except the tenancy or claimed lease to Clyde Howard, who occupied the ground floor store room as a drug store.

By written "lease" dated February 1, 1945, H. E. Williard (lessor) purported to lease to Clyde M. Howard, said store room, for the original term of two years with an option to renew for three years additional. Mrs. Williard did not sign or execute said lease, and does not appear in the lease in any way.

The title to the premises was not in H. E. Williard at all but in Ivy C. Williard, his wife. She acquired title on May 19, 1939, by certificate No. 15279, Document No. 49840. The lease was executed under a power of attorney from Mrs. Williard to Mr. Williard. The power of attorney was not recorded (Sec. 8536 GC) and the lease did not contain the name of the real lessor (Mrs. Williard). See §8513 GC.

The "lease" was executed by Mr. Williard, acknowledged, etc., but was never placed upon the registered land memorial certificate of the Williards, of Mrs. Heppert, or of Mr. Corvington, or any other certificate. In fact the "lease" was not recorded in the usual way, that is as to lands that are not registered, until August 17, 1946, in Volume 2147, at page 610.

However, Mr. Howard went into possession of said storeroom and has openly and notoriously conducted a drug store therein, and of course was in possession at the time Mrs. Heppert took title and when Mr. Corvington took title. The plaintiff never asked him (the tenant) what he claimed as to tenancy. Then by warranty deed dated June 7, 1946, and filed and registered certificate issued on June 18, 1946, Mrs. Heppert, the defendant, deeded the premises to plaintiff, Mr. Corvington. In this deed also there was no mention of the so called "lease" and no exception thereof in the deed.

Mrs. Heppert it will be observed got title on May 28, 1946, and Mr. Corvington on June 18, 1946, by registration and new certificate. The respective deeds were dated as shown above, May 13, 1946, and June 7, 1946. In other words Mrs. Heppert held it (title) about one month.

Plaintiff's entire action is founded upon the claimed written lease by H. E. Williard to Clyde Howard. Plaintiff alleges on page 2 of the petition: "Said storeroom was occupied and still is occupied by one Clyde M. Howard in accordance with the terms of a written lease."

Furthermore the terms of the written lease are pleaded as "for a term of two years commencing February 1, 1945, and ending January 31, 1947 * * * it may be renewed by the lessee for an additional period of three (3) years, from February 1, 1947, to January 31, 1950. Said Clyde M. Howard has served on plaintiff written notice of renewal of said lease."

The third cause of action again specifically relies on and sets up the so called written lease.

## THE LAW FINDINGS.

In **Peoples Building Loan and Savings Company v. McIntire, et al, 14 Oh Ap, 28.** (Hamilton County Court of Appeals)

Syllabus (1) "A lease of real property for a term of one year with an option of renewal for four consecutive years is an interest in real property within the purview of §8510 GC, requiring acknowledgment and attestation."

In other words, as this court interprets said decision, although the original term was for one year, there was an option of renewal for four more years, which made it legally a five year lease, and therefore had to be properly acknowledged, attested, etc. under §8510 GC, and did not come within §8517 GC, which covers leases for three years or less.

To the same effect see

Gelman v. Holland Furnace Co. (1948) Case No. 1168, 9th Court of Appeals, unreported.

This latter case cites with approval **14 Oh Ap 28** above. In the Gelman case the original term was for one year with (5) renewal options, and was held to come within §8510 **GC**. (See later discussion of this case)

Also in **Hodesh v. Hallerman, 45 Oh Ap, 278** (Hamilton County Court of Appeals)

Syllabus (1) Agent's signature of lease in his own name, without written authority from property owner, barred lessee's claim against owner for breach of lease contract. **(Secs. 8510 and 8512 GC.)**

(2) Lease for six months, with privilege of renewal for four years and six months, held five year lease, required to be signed by lessor or her agent under power of attorney executed in accordance with statute (§§8510, 8512 and 8517 GC) (3) (4) (5)—(Not applicable here.)

In other words the same Court of Appeals of Hamilton County again tacks the original term and the renewal term and holds the lease one for five years.

On page 281 (about middle) the court discusses this matter and approves its former case, **14 Oh Ap, 28,** and also cites with approval Toupen v. Peabody, 162 Mass., 473, or 39 N. E. 280 to same effect, where they tacked on original five year term to a renewal five year term and found it a lease for ten years under their statute in Massachusetts.

See also **31 Abs, 129, Glicklich v. Garfield, et al** (Hamilton County Court of Appeals).

**Parsons v. Weinstein, 19 Oh Ap 521,** was an equity case in our Court of Appeals. The one lease there in question was for an original term of three years with privilege of an additional five years on the same terms. (See page 522) This lease had but one witness, and evidence showed it was not acknowledged—it was recorded. The other lease for the other storeroom was for the original term of three years with privilege of an additional seven years upon the same terms.

The court says "This lease was properly signed, witnessed and acknowledged, but was not filed for record."

That the court treated these leases as for terms in excess of three years which had to be properly executed, acknowledged and recorded, is obvious.

In Gelman v. Holland Furnace Company, decided June 8, 1948, Case No. 1168, unreported—our Court of Appeals decided that a lease for one year certain and with (5) additional optional renewals came within §8510 **GC**, and not

being executed in accordance with §8510 GC was absolutely void.

In its decision the court did not mention **19 Oh Ap 521** discussed in **this** opinion above, although the Gelman case was likewise in equity.

The Gelman case upholds **19 Oh Ap 521** as to the nature of the term, but overrules it by declaring that where such a lease for more than three years is not properly executed, acknowledged, etc., it is absolutely void.

Counsel for plaintiff cite the case of **Soltesz v. Carter, et al,** (55 Abs 117) decided by this court August 17, 1949, and appearing in 87 N. E. Rep. 2nd Series, page 599, in which this court reluctantly upheld the decision of our Ninth District Court of Appeals in an equity case, **Parsons v. Weinstein, 19 Oh Ap, 521,** also cited by plaintiff's counsel.

When I wrote that opinion the court was not aware of the unreported case of Gelman v. The Holland Furnace Company (1948) decided by our own Ninth District Court of Appeals cited herein which definitely is contrary to the Parsons case above, although that court did not mention the Parsons case in its opinion. I hold that this later case should be the law, and that a purported lease for more than three years should be absolutely void if not executed in accordance with the statutes applicable, and not recorded.

However, as stated before, as to the nature of the terms involved, these decisions do sustain one another.

**Sec. 8572-25 GC (Holder of Certificate of title holds free from encumbrances; exceptions.)**

"* * * and every subsequent purchaser of registered land who takes a certificate of title for value and in good faith, shall hold the same free from all estates and encumbrances **except those noted on the certificate** and any of the following estates and encumbrances which may be existing:

      *          *          *          *

Fourth: Any lease for a term not exceeding three years, when there is actual possession under the lease."

The lease in the instant case being for a term in excess of three years is not an exception under the above statute, and therefore Mrs. Heppert and Mr. Corvington "shall hold the same free from said lease" as the same has never been noted on any certificate.

See also §8572-73 GC, to the effect that said lease would not take effect except as between the parties thereto, and only as authority to the county recorder to register the same in accordance with the terms of the Registered Land Act. In other words it would be entirely ineffective as against Mrs. Heppert or Mr. Corvington.

Under §8536 GC, a power of attorney—for lease of an estate or interest in real property must be recorded in the county where the real estate is located previous to the execution of the lease.

See **96 Oh St, 74, Building Company v. Watt,** which holds that if power of attorney to lease is not recorded in accordance with §8536 GC, the lease is good as between the immediate parties only.

Under §8513 GC "a deed, mortgage or lease of any estate or interest in real property made by virtue of a power of attorney must contain the name of the * * * lessor * * * etc."

The court concludes as a matter of law that the purported lease in question was one which in law would be for a term of more than three years and is governed by §8572-25 GC (Registered land) above set forth and does not come within the exception "Fourth" set forth above, and is invalid as to Mrs. Heppert and as to Mr. Corvington, as not being registered upon the various registered land certificates, and was therefore never an encumbrance.

I hold also that said power of attorney not being recorded either on the registered certificates or otherwise, the purported lease would be ineffective as to Mrs. Heppert and Mr. Corvington.

And also there is the further defect under §8513 GC. This lease did not in any way contain the name of the lessor, Mrs. Williard.

Judgment will be entered in favor of the defendant, Mrs. Heppert, with exceptions. The petition is dismissed.